328 So.2d 503 (1976)
Eddie Lee SHARP, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-721.
District Court of Appeal of Florida, Third District.
January 27, 1976.
Rehearing Denied April 1, 1976.
Phillip A. Hubbart, Public Defender, and Gerald D. Hubbart, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Eddie Lee Sharp was charged by information on September 20, 1974, with assault and battery upon the person of Bradford Swink, a City of Miami police officer, and with resisting with violence, arrest for the *504 crime of assault and battery. Following a non-jury trial, Sharp was convicted of resisting arrest without violence and sentenced to one year in the Dade County Jail. From the conviction and sentence, he takes this appeal.
The facts leading up to the filing of the information are that on August 29, 1974, City of Miami police officers Swink and Rimes responded to a shooting call. The victim, Benjamin Pratt, pointed to Sharp as the person who had shot him. The officers proceeded across the street to arrest Sharp for the shooting of Pratt. After they advised Sharp that he was under arrest, a struggle ensued for several minutes. Sharp was then subdued and taken to the station. At a preliminary hearing, the charge against the defendant of assault with intent to commit murder against Pratt was dropped. The cause proceeded to trial on the charge of resisting with violence, arrest for the crime of assault and battery upon Officer Swink. During the trial, Officer Swink testified that he "stated to Mr. Sharp he was under arrest for the shooting of Mr. Pratt." When asked "And what was your purpose for crossing the street?, Officer Rimes said: "Arresting the subject for aggravated assault or assault with intent to commit murder." At the close of the State's case, defendant moved for a judgment of acquittal on the grounds that a lawful arrest with probable cause had not been shown. The motion was denied. The trial court found the defendant guilty of resisting arrest without violence and adjudged him guilty. The defendant's motion for a new trial was denied, and he was sentenced to one year in the Dade County Jail. This appeal follows.
The question presented to this court is whether the trial court erred in denying Sharp's motion for a judgment of acquittal at the close of all the evidence where there was a material variance between the allegations in the information and the proof. Although the information alleged that Sharp resisted arrest while being arrested for the crime of assault and battery against Officer Swink, the evidence showed that he resisted arrest for the crime of assault with intent to commit murder against Benjamin Pratt.
Based upon the testimony of Officers Swink and Rimes that they were proceeding under information supplied to them by the victim, we find that there was probable cause to arrest Sharp for the shooting of Pratt. Thus, the State proved that Sharp resisted arrest for the shooting of Pratt, not for the alleged assault and battery of Swink. Hence, there is a variance between the allegata and the probata as to the arrest which Sharp resisted. "No principle of criminal law is better settled than that the State must prove the allegations set up in the information or the indictment." Lewis v. State, Fla. 1951, 53 So.2d 707, 708. As the Supreme Court held in the Lewis case, "... to let down the bar of strictness ... would be too conducive to looseness in criminal prosecutions that might become intolerable to due process."
We cannot reverse on that basis, however, since Sharp waived a defective information by failing to raise an objection in the trial court. This court must confine itself to a review of those questions which were before the trial court. Silver v. State, Fla. 1966, 188 So.2d 300.
A variance in an information is fatal only if the record reveals a possibility that the defendant may have been misled or embarrassed in the preparation or presentation of his defense. Fitzgerald v. State, Fla.App. 1969, 227 So.2d 45. It is provided in Rule 3.140(o), RCrP, that,
"No indictment or information ... shall be dismissed ... or new trial granted on account of any defect in the form of the indictment or information ... unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite *505 as to mislead the accused and embarrass him in the preparation of his defense ..."
In our opinion, even had Sharp raised the issue of a variance in the trial court, scrutiny of the record reveals that he was neither misled nor embarrassed in the preparation or presentation of his defense.
Affirmed.