387 So.2d 1014 (1980)
Craig Lawrence MANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1585.
District Court of Appeal of Florida, Fourth District.
September 10, 1980.
Rehearing Denied October 15, 1980.
*1015 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal from a judgment and sentence for possession of cocaine with intent to sell and conspiracy to obtain cocaine.
The defendant raises two points for consideration. Defendant initially contends that evidence was admitted which was outside the time restrictions of a bill of particulars filed by the State. We find no error in this regard. Clearly, defendant was not embarrassed in his defense and the facts introduced into evidence were relevant to the crime of conspiracy. Sharp v. State, 328 So.2d 503 (Fla. 3d DCA 1976).
Defendant also asserts the evidence was insufficient to support his conviction of conspiracy. Our review of the evidence convinces us to the contrary.
The essential facts regarding conspiracy are as follows. On July 18, 1977, John Marinello, an undercover policeman, inquired of John Dean about the purchase of two grams of cocaine. Dean told Marinello his source lived in Lake Worth. Marinello went to Dean's later that evening and Dean left to get the cocaine from his source. Dean was followed by police to defendant's house and back to Dean's own home. Marinello testified that Dean said there had been a problem at the house and he would have to return later. Shortly thereafter, Dean was again followed to defendant's house. On this trip Dean returned to Marinello with cocaine.
The next day, Dean told Marinello he would sell him more cocaine. Marinello testified Dean stated his connection was coming to the house to deliver the cocaine. Marinello called again and Dean told him that his source and the cocaine were there. Five minutes later, Marinello went to Dean's house and saw defendant sitting in the living room with Dean's wife. Dean and Marinello concluded their sale outside the presence of the defendant and no discussion of the sale occurred in his presence.
*1016 On June 26, Dean and Marinello discussed another purchase and Dean indicated he could get more from the same source.
On July 27, at 8:30 p.m., Dean told Marinello that his source would be bringing over the cocaine shortly. Several agents were at this time watching defendant's house and followed him as he went to Dean's house. Officers identified themselves to defendant when he arrived in Dean's driveway. At this point defendant backed out and started driving away pouring a plastic packet of white powder out the window as he went. The packet and powder were recovered in the street and the powder was identified as cocaine.
Defendant maintains the above was insufficient evidence upon which a jury could return a verdict for conspiracy to sell cocaine. The crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime. King v. State, 104 So.2d 730 (Fla. 1958); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979). Evidence that a defendant aided and abetted another in the commission of a crime is insufficient to support a conviction of conspiracy. Ramirez, supra.
We can find no Florida decision with sufficiently similar facts to aid us in determining whether there was sufficient evidence in this case. Defendant urges the evidence of conspiracy here is circumstantial. The existence of an agreement to support a charge of conspiracy may, however, be shown circumstantially. United States v. Hitsman, 604 F.2d 443 (5th Cir.1979); Borders v. State, 312 So.2d 247 (Fla. 3d DCA 1975).
One Fifth Circuit decision is sufficiently similar to shed light on the issue. In United States v. Littrell, 574 F.2d 828 (5th Cir.1978), a co-defendant Davi was arranging a sale of cocaine with drug agents and called his "source" telling him to bring it over. Shortly later, Davi said, "All right. The man is here." Littrell, the appellant, drove up and Davi went out to talk to him. Littrell left and went next door to a bar. Davi then took a white paper sack containing cocaine from the glove compartment. In reviewing the subsequent conspiracy conviction of Littrell, the court found insufficient evidence. In the court's view, even when the evidence was viewed most favorably to the Government it did not exclude every reasonable hypothesis of innocence. The court considered it possible that Littrell was merely an unknowing courier and noted there was no evidence that Littrell owned the car or that he knew there was cocaine in it.
Where the instant case differs from Littrell, however, is the key element of evidence of knowledge of the presence of cocaine. When defendant was approached by police officers in Dean's driveway, he immediately backed out and tried to drive away pouring cocaine out the window as he left. Unlike Littrell, we have more than mere presence at the scene to "tip the balance." Here, defendant demonstrated knowledge which when taken with the other circumstantial evidence viewed most favorably to the State was sufficient basis upon which the jury could have found defendant guilty of conspiracy.
AFFIRMED.
MOORE and HURLEY, JJ., concur.