407 So.2d 961 (1981)
David Alan RUBIN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-757.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
Rehearing Denied January 27, 1982.
Charles W. Musgrove, and J. Ralph Mabie, West Palm Beach, for appellant.
*962 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Rubin appeals his conviction on eight counts of sexual battery. Among the grounds alleged as error is the claim that his motion to sever was erroneously denied by the trial court. We agree and reverse.
Appellant was tried on eight counts of sexual battery perpetrated against four different victims on three different occasions. Prior to trial, appellant moved to sever certain counts of his indictment, which pertained to alleged events occurring on October 21, 1979, from others which related to offenses allegedly committed on February 23, 1979, and yet others which allegedly occurred on June 9, 1979. The trial court denied this motion and the case proceeded to trial, culminating in appellant's conviction on all counts.
Appellant contends that the denial of his motion to sever constitutes reversible error. We are bound to agree. This case is directly controlled by the Florida Supreme Court's decision in Paul v. State, 385 So.2d 1371 (Fla. 1980) which adopted as its opinion the dissent of Judge Smith in Paul v. State, 365 So.2d 1063, 1065-1067 (Fla. 1st DCA 1979). This decision makes clear that Rule 3.150, Florida Rules of Criminal Procedure, mandates severance, upon proper motion, where criminal charges are:
[b]ased on similar but separate episodes, separated in time, which are "connected" only by similar circumstances and the accused's alleged guilt in both or all instances.
365 So.2d at 1065-1066.
It is clear that the situation discussed by Judge Smith is present here. The crimes with which appellant was charged, while all factually similar, comprised three distinct episodes, each separated by a considerable length of time. Therefore, the motion to sever should have been granted. Further, the prejudice to appellant resulting from the trial court's denial of his motion is "conclusively presumed." Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981).
Therefore, this case is reversed and remanded for retrial consistent with this opinion.
REVERSED AND REMANDED, with directions.
LETTS, C.J., and DOWNEY, J., concur.