409 So.2d 253 (1982)
Henry WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-613.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Henry Williams appeals his conviction on two counts of sale of cocaine. Only one point is raised for our consideration. Appellant argues that the trial court erred in refusing to sever the two counts for separate trials, relying on Paul v. State, 385 So.2d 1371 (Fla. 1980). A brief review of the facts is necessary to put the applicable principles in proper perspective.
The state's evidence indicates that on August 16, 1979, Gercy Neal, Jr., a law enforcement officer, was assigned to buy drugs as part of an undercover investigation in Belle Glade, Florida. At a bar, he met a black male named Freddy and asked him where to obtain some heroin or cocaine. Freddy took Neal to a disco and put him in contact with the proprietor, appellant. Appellant inquired whether Neal wanted heroin or cocaine; Neal requested $25.00 worth of cocaine. Appellant left, returning in about five minutes with the cocaine. He gave Neal the cocaine but wouldn't accept Neal's money directly. Neal gave the money to Freddy who then gave it to appellant.
Six days later on August 22, 1979, Neal was back in the area attempting to purchase drugs. He asked someone on the street where appellant lived and was directed *254 to appellant's apartment. Appellant asked Neal if he wanted heroin or cocaine and Neal again asked for $25.00 worth of cocaine. The transaction was then completed.
Appellant was charged in one Information with two counts of sale of cocaine. Prior to trial appellant filed a motion to sever the offenses. The motion was denied and the case proceeded to jury trial. At trial the case for the defense consisted of the testimony of appellant, who admitted the two meetings with Neal but denied selling him drugs.
Paul v. State, supra, which, according to appellant, mandates a reversal, actually involved consolidation of offenses separately charged requiring construction of Rule 3.151, Florida Rules of Criminal Procedure. That rule provides that separately charged offenses may be consolidated only if they are "based on the same act or transaction or two or more connected acts or transactions." This same language is used to describe the circumstances under which offenses may be joined in the same indictment or information and, if so joined, when offenses must be severed under Rule 3.152(a), Florida Rules of Criminal Procedure. Therefore, the rule evolved in Paul for application of Rule 3.151 controls the application of Rule 3.152(a) where the facts are substantially similar and only the procedural posture is different. See Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981).
The principle ennunciated in Paul is, in effect, that separate trials are required for similar offenses which are unrelated in terms of time or sequence. The Supreme Court in that case adopted as its opinion the dissent of Judge Smith in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979) insofar as it related to Rule 3.151. Therefore, a discussion of the applicability of Paul necessitates reference to Judge Smith's dissent. More specifically,
[C]onsolidation rule 3.151 ... refer[s] to `connected acts or transactions' in an episodic sense, and ... the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances. Id. at 1066.
Here, the sales of drugs occurred during the course of an ongoing investigation, within a limited period of time and in a limited geographical area. The principle participants to both transactions were the same. Accordingly, we view the transactions, although separate in time, as nevertheless being clearly and directly connected in an "episodic sense."
In the Paul case the appellant committed two separate rapes on two separate victims more than a month apart. Such circumstances are obviously quite different from two drug sales to the same officer during an on-going undercover investigation within a period of one week. We therefore have no difficulty in reconciling the views we express here with the rationale of Paul.
Appellant's conviction is affirmed.
AFFIRMED.
LETTS, C.J., concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
I must respectfully dissent because I believe that severance is required by the recent pronouncement of our Supreme Court in Paul v. State, 385 So.2d 1371 (Fla. 1980) (adopting part of the dissent of Judge Smith in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979)). See Rubin v. State, 407 So.2d 961 (Fla. 4th DCA 1981). As I view them, the charges in the present case are "[b]ased on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." See 365 So.2d at 1065-66. Therefore, I cannot join in the majority's conclusion that these crimes are "clearly and directly connected in an episodic sense," i.e., are part of a single criminal episode.
The majority emphasizes that both sales occurred during the course of an ongoing investigation. I fail to see the relevance of *255 that fact. Whether crimes form part of a criminal episode depends on the activities of the defendant, not the activities of the police in investigating the defendant.
In this case each sale was a separate and distinct transaction. The two charges did not arise from one continuous sequence of events. Cf. Jacobs v. State, 396 So.2d 713, 717 (Fla. 1981). The fact that both sales were to the same undercover officer is hardly enough to distinguish this case from Paul, supra. Similarly, the fact that both sales occurred within a week's time is not enough. See Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981) (defendant charged with two taxicab holdups occurring five days apart); McMullen v. State, 405 So.2d 479 (Fla. 3d DCA 1981) (five similar robberies within nine days). Thus, I believe that Paul controls.
Since appellant freely admitted coming into contact with the undercover officer, but denied selling drugs, identity was never at issue. Consequently, the "Williams" rule, now codified as Section 90.404(2)(a), Fla. Stat. (1981), is inapplicable to the case at bar. Finally, it should be noted that the majority's definition of a criminal episode for charging purposes is totally inconsistent with the concept of a criminal episode which we have developed for speedy trial analysis. See, e.g., Giglio v. Kaplan, 392 So.2d 1004, 1005 (Fla. 4th DCA 1981). Logic compels consistency. Therefore, I respectfully suggest that today's decision is deficient in that it fails to follow Paul v. State, supra, and our own precedent.