BERANEK, Judge.
Defendant appeals his conviction and sentence for trafficking in marijuana. Defendant asserts that the state’s case against him was composed entirely of circumstantial evidence, that the court made numerous errors on evidentiary matters, and in regard to the order of closing argument. While it is true that most of the state’s evidence was of a circumstantial nature, we find that evidence to be most compelling and convincing. Two marijuana-laden boats owned by defendant were found washed ashore on the Florida coast shortly after a reported air drop of marijuana in the Bahamas. Substantial evidence was presented as to the defendant’s direct involvement in the trafficking scheme although it was never shown that he was actually on one of the boats while it traversed the ocean. Such evidence was not necessary. The evidence presented by the state was completely consistent with guilt and totally inconsistent with any reasonable hypothesis of innocence. See Pinder v. State, 366 So.2d 38 (Fla. 2d DCA 1978), approved 375 So.2d 836 (Fla.1979), and Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982). We have reviewed all other *950 allegations of error and find them to be without merit. The defendant’s conviction and sentence are affirmed.
AFFIRMED.
DELL, J., concurs.
ANSTEAD, C.J., dissents without opinion.