468 So.2d 325 (1985)
Bryan Bernard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1788.
District Court of Appeal of Florida, Second District.
April 10, 1985.
Rehearing Denied May 13, 1985.
John L. Riley, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant in this proceeding was convicted of conspiracy to traffic in cocaine and the sale or delivery of that substance to another person. The attack upon appeal is directed at two actions of the trial court. First, the appellant contends the trial court improperly denied his motion to sever the information's two counts. His second claim is that the trial court erroneously denied his motion for judgment of acquittal. We find no merit in either contention and we affirm.
In a series of transactions, the appellant sold a gram of cocaine to a sheriff's deputy. At a subsequent meeting, the deputy told the appellant that he was interested in purchasing larger quantities of cocaine. In telephone discussions between the appellant and the deputy, the deputy was informed that the appellant was having some difficulty with his supplier, Locascio. Ultimately, a meeting took place between the deputy and Locascio at the appellant's home. A tentative deal was reached and the appellant stated that his home could be used to consummate the transfer of the money and cocaine. The evidence discloses that at the meeting the appellant vouched for the deputy and also for the quality of Locascio's cocaine. The appellant indicated that he wanted the deputy to give him a quantity of marijuana as payment for his involvement in the transaction. In spite of the tentative arrangements *326 between the deputy and Locascio, nothing occurred and at that point the appellant furnished the deputy with Locascio's telephone number. All subsequent dealings leading up to the sale and delivery of the cocaine were undertaken between Locascio and the deputy.
It is evident from the record that the conspiracy was a direct outgrowth of the first cocaine sale between the appellant and the deputy. Both the initial sale to the deputy and the appellant's subsequent participation in the transaction between Locascio and the deputy were "one continuous sequence of events." Jacobs v. State, 396 So.2d 713, 717 (Fla. 1981). Under Rule 3.150(a) of the Florida Rules of Criminal Procedure, offenses may properly be joined in one charging instrument if they are "based on the same act or transaction or on two or more connected acts or transactions." The motion to sever the counts was properly denied.
Equally unpersuasive is the appellant's second contention. The appellant's motion for judgment of acquittal on the conspiracy count, denied by the trial court, was grounded upon the premise that the state's evidence cast the appellant in the role of an aider or abettor. It is true that evidence sufficient to convict a person as an aider or abettor in the commission of an offense may be insufficient to sustain a conspiracy conviction. Manner v. State, 387 So.2d 1014 (Fla. 4th DCA 1980); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979). And, it is no less true that distinguishing aider and abettor conduct from that of a conspirator may at times be difficult. But where, as here, we are called upon to determine whether the trial court erred in denying the motion for acquittal, we assess the evidence in a manner most favorable to the state in order to ascertain whether it was sufficient for submission to the jury. United States v. Rodriquez-Arevalo, 734 F.2d 612 (11th Cir.1984). From the evidence before us, we are unhesitant in concluding that the appellant knew of the conspiracy and associated himself with it. Cf. United States v. Garcia, 721 F.2d 721 (11th Cir.1983). The appellant's participation in the negotiations with Locascio and the deputy, the fact that he vouched for the deputy's criminally disposed status and the quality of Locascio's cocaine, the volunteered use of his home and the expectation of marijuana as his reward, serve conclusively to commit him to the conspiracy.
Affirmed.
CAMPBELL, A.C.J., and LEHAN, J., concur.