509 So.2d 1291 (1987)
Peter VOTO, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1328.
District Court of Appeal of Florida, Fourth District.
July 15, 1987.
*1292 Howard L. Finkelstein of Finkelstein and Dallas, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant challenges the sufficiency of the evidence upon which his conviction for trafficking in cocaine and conspiracy to traffic was based. We affirm the conviction as to trafficking, and reverse the conviction as to conspiracy.
Several meetings between an undercover officer, Detective Nickmeyer, and co-defendant Steffey, culminated in an arrangement to purchase cocaine. Detective Nickmeyer met Steffey in a Publix parking lot. Shortly thereafter a Dodge pulled up and appellant Voto got out. The driver, Pennington, also left the car. Steffey then walked over to Voto. After they spoke, Voto stood for awhile and looked around the lot. Voto and Pennington subsequently reentered the Dodge. Steffey, standing next to the Dodge, appeared to be talking with the occupants. The Dodge then drove off. Police officers in a surveillance vehicle followed the Dodge to another location where Voto was dropped off. The Dodge returned to Publix and Pennington spoke with Steffey. After waiting at the second location, Voto was met by a white Buick. Voto talked to the occupants of the Buick through the car window on the driver's side. At one point, Voto was seen leaning into the Buick through the window. The Dodge then returned and picked up Voto. Followed by the Buick, the Dodge returned to Publix. When the cars returned from the second location, Steffey spoke to Pennington. Steffey then told Detective Nickmeyer that the cocaine was in the Buick, which had parked next to the Dodge. Detective Nickmeyer was shown the cocaine and all participants were arrested.
The jury had the benefit of a videotape of the transaction revealing Voto's conduct and demeanor. The jury also heard an audio tape of everything said to Detective Nickmeyer. Detective Nickmeyer never talked directly to Voto. The detectives did not overhear any of the conversations Voto had during the transaction. Voto was never seen in possession of the cocaine. Voto denied any knowledge of what had taken place. Defendant Steffey testified that Voto had been present earlier that day at a meeting in a room where the deal was discussed and the cocaine sampled. Steffey could not, however, recall in detail the extent of Voto's participation in the meeting. During the deal, Detective Nickmeyer had expressed concern about the unexpected additional people involved. In response, Steffey told Detective Nickmeyer not to worry because Voto was only a "lookout".
Appellant argues that the evidence of aiding and abetting was ambiguous and not inconsistent with the defendant's hypothesis of innocence. See Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Horton v. State, 442 So.2d 1064 (Fla. 1st DCA 1983); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980). We recognize that the circumstantial proof standard requires that the evidence be inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla. 1977). The record in this case supports a conclusion that the evidence is consistent with guilt and inconsistent with innocence. There was substantial proof refuting appellant's contention that he was `just along for the ride'. See Rose v. State, 425 So.2d 521 (Fla. 1982); Robinson v. State, 438 So.2d 949 (Fla. 4th DCA 1983); Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), rev. denied, 504 So.2d 762 (Fla. 1987).
There was substantial competent proof of appellant's intentional participation as an aider and abettor. He is, therefore, a principal. Williams v. State, 206 So.2d 446 (Fla. 4th DCA 1968); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). The trial court did not err in denying *1293 appellant's motion for judgment of acquittal as to the charge of trafficking in cocaine.
With respect to the second issue, a conspiracy may not be inferred from aiding and abetting. Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980); Manner v. State, 387 So.2d 1014 (Fla. 4th DCA 1980). Conspiracy requires evidence of both intent and an agreement. King v. State, 104 So.2d 730 (Fla. 1957); Manner at 1014. Here, although there was substantial proof of participation in any underlying understanding or agreement. Ashenoff, 391 So.2d at 289; Manner at 1014; Saylor v. State, 491 So.2d 340 (Fla. 3d DCA 1986); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 1201 (Fla. 1980). We therefore conclude that the trial court erred in denying appellant's motion for judgment of acquittal as to the conspiracy charge.
Accordingly, we affirm as to count I and reverse as to count II, and remand for entry of a judgment of acquittal as to count II. Since the defendant's sentence on count I is a mandatory minimum, there is no necessity for resentencing as to that count.
HERSEY, C.J., and DOWNEY, J., concur.