MICKLE, Judge.
These consolidated appeals arise out of appellant’s convictions for the sale and possession of cocaine. Appellant and codefend-ant Glenn Granville, who is appellant’s son, were charged in a nine-count information. Specifically, appellant was charged with the following seven counts: conspiracy to sell or deliver cocaine (Count I), aiding and abetting the sale of cocaine (Count II), aiding and abetting the sale of cocaine (Count III), possession of cocaine (Count IV), conspiracy to sell cocaine (Count VII), aiding and abetting the sale of cocaine (Count VIII), and possession of cocaine (Count IX). Counts I, II, III and IV arose out of controlled buys occurring on March 18,1988. Counts VII, VIII and IX arose out of a controlled buy occurring on March 21, 1988. Following a jury trial, appellant was convicted on all seven counts.
Appellant raises six issues on appeal: (1) the trial court erred in allowing a witness to testify that he had been threatened by appellant’s husband; (2) the trial court erred in permitting the state to ask a witness whether he had reason to disbelieve the testimony of another witness; (3) the trial court erred in denying a motion for judgment of acquittal as to Count IV; (4) the trial court erred in failing to grant judgment of acquittal as to those charges related to the March 21, 1988, incident; (5) the trial court erred in denying appellant’s motion to sever Counts I, II, III and IV, from Counts VII, VIII and IX; and (6) the trial court erred in imposing costs of the trial as a condition of probation. Finding no reversible error as to the first, second and third issues, we affirm them without discussion. Inasmuch as issue six is not argued in appellant’s brief, we are under no duty to reach it absent fundamental error. See Williams v. State Dept. of Transportation, 579 So.2d 226 (Fla. 1st DCA1991); Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA1983), on motion for rehearing; Fla.R.App.P. 9.210.
Appellant’s fourth point on appeal demands reversal. The evidence at trial reflects that the March 18 transactions took place at an establishment called Clyde’s Place, operated by appellant’s husband. On this date, from a bag in her possession, appellant first sold a confidential informant a piece of rock cocaine for $25.00. Immediately thereafter, the same informant purchased a $10.00 piece from appellant. Following this latter purchase, the informant observed that several crumbs or broken pieces remained at the bottom of appellant’s bag. The transaction on March 21 occurred at appellant’s home, located several hundred yards from Clyde’s Place. Appellant was not at home during this incident. The same informant entered the home at approximately 10:37 P.M. Once inside, the informant observed Glenn Granville make a telephone call. After speaking for a moment, Glenn handed the phone to appellant’s husband. While appellant’s husband spoke, the informant heard the name “Doris” mentioned. Appellant’s *1260 husband then returned the phone to Glenn, who hung up and went outside. After a few moments, the telephone rang. Glenn then returned inside, carrying a bag, and proceeded to discuss with the telephone caller the price of the contents of the bag. Thereafter, the informant purchased a $50.00 piece of rock cocaine, paying appellant’s husband. The telephone records reveal that, on March 21, 1988, a call was placed at 10:34 P.M., from appellant’s home to a phone number at appellant’s place of employment. It is undisputed that appellant was at work at this time. Appellant’s daughter testified that she was at appellant’s home on the night of March 21 and personally telephoned appellant at work at approximately 10:30 P.M.
Appellant asserts on appeal that the trial court should have granted her motion for judgment of acquittal as to the three charges arising out of the March 21 transaction. We agree and conclude that the state failed to establish the essential elements of these charges. The state proved only that a phone call was placed to appellant’s place of employment and that appellant’s husband mentioned the name “Doris” while conversing on the phone. No other evidence was submitted regarding the identity of the speaker or that appellant was the individual involved in the telephone negotiations. The state failed to present evidence from which the jury could reasonably have concluded that appellant, on March 21, 1988, either participated in a conspiracy to sell cocaine, aided and abetted in the sale of cocaine, or possessed cocaine. The trial court erred in failing to grant judgment of acquittal; we therefore reverse the convictions and sentences as to Counts VII, VIII and IX.
The fifth point raised by appellant pertains to the lower court’s denial of her motion to sever the three charged offenses arising out of the March 21 transaction from the four charged offenses arising out of the March 18 incident. When charges are based upon similar but separate episodes that are connected only by the accused’s alleged guilt, joinder or consolidation is improper. State v. Williams, 453 So.2d 824 (Fla.1984). In the instant case, the fact that both sales were to the same confidential informant, occurred within a week’s time, and occurred within close geographic proximity of each other, does not establish a connection within the meaning of Florida Rules of Criminal Procedure 3.150, 3.151 and 3.152. Each sale was a separate and distinct transaction; the separate charges did not arise from one continuous sequence. Herein, the transactions, although arguably occurring during the course of an ongoing investigation, were not so clearly connected in an episodic sense as were those criminal activities occurring in Solomon v. State, 596 So.2d 789 (Fla. 3d DCA1992); Brown v. State, 468 So.2d 325 (Fla. 2d DCA), review denied, 476 So.2d 672 (Fla.1985); and Williams v. State, 409 So.2d 253 (Fla. 4th DCA), review denied, 417 So.2d 331 (Fla.1982).
The purpose of requiring separate trials where related offenses are not based on the same act or transaction, or on two or more connected acts or transactions, is to assure that evidence adduced on one charge will not be misused to dispel doubts on the other charges. Boyd v. State, 578 So.2d 718 (Fla. 3d DCA1991). Sub judice, we cannot say beyond a reasonable doubt that the consolidation or joinder of the charges that arose from the March 21 incident did not effect a mutual contamination of the jury’s consideration of the charges arising out of the March 18 incident. See Crossley v. State, 596 So.2d 447 (Fla.1992). We therefore determine that the error was not harmless under the facts of this case and we REVERSE the convictions and REMAND for a new trial. In light of our disposition of the convictions arising out of the March 21 transaction, we have dispensed with the necessity of a new trial on these counts, leaving for retrial only the charges arising from the March 18 transactions.
In summary, we REVERSE the convictions as to Counts VII, VIII and IX. We REVERSE and REMAND for a new trial on Counts I, II, III and IV.
SMITH and WOLF, JJ., concur.