670 So.2d 1036 (1996)
Carl Malachi DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04581.
District Court of Appeal of Florida, Second District.
March 8, 1996.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellant.
*1037 Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
RYDER, Acting Chief Judge.
Carl Davis attacks the trial court's denial of motions to sever his various drug charges from those of his codefendants and to disqualify the judge. We affirm the denial of the severance because the charged offenses were episodic. We also affirm the denial of the disqualification because the trial court's order satisfied all of the statutory requirements pertaining thereto.
However, the state correctly notes that the appellant's sentences on Counts I and II were to run consecutively to the life sentences imposed in Counts VI and VII, and, therefore, the sentences are remanded for correction.
Here, the offenses occurred in the same geographic area during the same limited period of time and were part of an ongoing investigation.
Separate trials are required for similar offenses which are unrelated in terms of time or sequence. However, where the crimes occurred during the course of an ongoing investigation, within a limited period of time and in a limited geographical area, and are clearly connected in an episodic sense, they may be tried together.
Solomon v. State, 596 So.2d 789, 791 (Fla. 3d DCA 1992) (citations omitted). We conclude that the trial court did not abuse its discretion in denying the motion for severance.
Turning to the disqualification issue, the first assigned judge recused himself when the appellant's attorney advised him that she had supported the successful contender to his judicial seat. When notified that Judge Langston would be assigned, she orally moved to disqualify him on grounds of racial prejudice. Judge Langston denied the motion and declared that he stood fair and impartial between the parties. The requirements of section 38.10, Florida Statutes (1993), were met. Whereas, a first recusal is freely granted, a second judge is not disqualified on account of alleged prejudice "unless such judge admits and holds that it is then a fact that he does not stand fair and impartial between the parties." § 38.10, Fla.Stat. (1993). Because the facts of this case do not support a recusal, we affirm.
We remand for resentencing on Counts I and II to reflect the court's oral pronouncement that ten years' probation, concurrent on each of Counts I and II, would be served consecutively to the concurrent life sentences for Counts VI and VII. The appellant need not be present for resentencing.
Affirmed in part, and remanded for resentencing.
DANAHY and WHATLEY, JJ., concur.