PER CURIAM.
Appellant, Carlos Jones, appeals his conviction for strong arm robbery and resulting habitual violent felony offender sentence of thirty years incarceration. We affirm.
The victim, Mary Ellen Butcher, visited the American Bank of Hollywood on March 25,1993, and withdrew approximately $1,500. Unknown to her, she caught the attention of Joseph Cole, who was standing in line next to her and saw her receive this money. Meanwhile, Appellant was across the street in a convenience store. Cole ran out of the bank and met up with Appellant, Tammy Cowens and Keith Butcher at their car. Cole told the group that he had seen a woman with “all this money.” Cole said that “she got it and I want her.”
The quartet waited in the car for the victim to exit the bank. Tammy Cowens was driving, Joseph Cole sat in the front passenger seat, and Keith Butcher and Appellant sat in the rear seats. When Mrs. Butcher exited the bank and got into her car, the group followed her in their vehicle. When Mrs. Butcher arrived at her home and exited her car, they stopped and let Cole out from the front passenger seat. They drove to the comer to avoid detection while Cole ran toward her, pinned her up against her car, grabbed her purse from her shoulder, breaking its strap, and pushed Mrs. Butcher to the ground. Cole then quickly returned to his car, where the other three had watched and *34 waited with the engine running and the passenger door open. The group then sped off and later divided the money evenly among themselves, with Appellant taking $350-$400 of the stolen $1,520. Appellant admitted, in his statement to the police, that he was a participant in the crime. In that statement, he repeatedly referred to the actors using the pronoun “we.”
The record reflects much more than mere presence at the scene and a generalized knowledge. Rather, there is prima facie evidence of Appellant’s participation in the crime. See Staten v. State, 519 So.2d 622 (Fla.1988); T.S. v. State, 675 So.2d 196 (Fla. 4th DCA 1996); Voto v. State, 509 So.2d 1291 (Fla. 4th DCA 1987). See also Ferrell v. State, 686 So.2d 1324 (Fla.1996); State v. Law, 559 So.2d 187 (Fla.1989).
Appellant raises several challenges to his conviction and sentence, none of which we find to have merit. Regarding his claim that the evidence was insufficient to sustain his conviction for aiding and abetting the robbery, Appellant’s own statement to police clearly reveals that he was a knowing participant in the crime. Accordingly, we affirm both the conviction and the sentence.
GLICKSTEIN and STONE, JJ„ concur.
STEVENSON, J., dissents with opinion.