693 So.2d 1133 (1997)
Arthur PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4352.
District Court of Appeal of Florida, First District.
May 22, 1997.
*1134 George J. Little, Marianna, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Laura M. Fullerton, Certified Legal Intern, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, Judge.
Arthur Pittman, the defendant, appeals three convictions for sale of cocaine. He contends that the evidence was insufficient in each case and that the trial court erred in consolidating the cases for trial. We conclude that the evidence was sufficient to support each conviction and reject the defendant's argument on that point without discussion. Because the offenses were not all part of the same criminal episode, however, we agree that consolidation of the charges for trial was an abuse of discretion. Therefore, we reverse for separate new trials.
The state filed three separate informations against the defendant, each charging a sale of cocaine. The first two sales occurred on July 6, 1995, at 9:05 p.m. and at 9:39 p.m., and the third occurred on July 8, 1995, at 8:16 p.m. In all three sales, the purchaser was undercover officer Mark Nems of the Jackson County Drug Task Force. The state moved to consolidate the three cases for trial and the trial court granted the motion over the defendant's objection.
At trial, the state presented evidence that the defendant had sold drugs to Officer Nems on July 8th and that he had been a principal to the two sales made by his cousin, Sherman White, on July 6th. The state's evidence included the testimony of Officer Nems and videotapes of the three sales. The jury found the defendant guilty on all three charges, and, on November 21, 1995 the trial court sentenced him to two years probation, the first eleven months and twenty-nine days to be served in the county jail. This appeal followed.
The defendant contends that the trial court should have allowed him two separate trials, one for the first two sales on July 6th and another for the third sale on July 8th. He concedes that the first two sales were related to each other but argues that these transactions were unrelated to the third sale. The State maintains that the trial court properly consolidated all three charges for trial because they were all part of an ongoing criminal investigation that took place over a period of only two days and involved the same parties. Because the trial court has discretion to determine whether separate offenses should be consolidated, Crossley v. State, 596 So.2d 447 (Fla.1992), we must resolve the controversy in this case by the abuse of discretion standard.
Rule 3.151 of the Florida Rules of Criminal Procedure provides for the consolidation of two or more related offenses. According to subdivision (a) of the rule, two or more offenses are related if they are triable in the same court and if they are based on the same act or transaction or on two or more connected acts or transactions. The supreme court defined the phrase "connected acts or transactions" in Paul v. State, 385 So.2d 1371 (Fla.1980), by adopting the definition in Judge Smith's dissent in this Court's decision in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979). As Judge Smith explained:
... consolidation rule 3.151 and its counterpart, joinder rule 3.150, refer to `connected *1135 acts or transactions' in an episodic sense, and ... the rules do not warrant joinder or consolidation of criminal charges based on similar but separate episodes, separated in time, which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances.
Paul v. State, 365 So.2d at 1065.
The supreme court has consistently applied this standard in cases involving the issue of consolidation. In Crossley, the court found an abuse of discretion in the failure to sever two robbery offenses even though they occurred within three hours and three miles of each other and involved similar circumstances. As the court explained, the two episodes were "entirely independent", with "absolutely nothing" connecting one event to the other. Based on the same reasoning, the court concluded in Ellis v. State, 622 So.2d 991 (Fla.1993), that the trial court erred in allowing the joinder of two counts of murder and one count of attempted murder. Although all three crimes were committed in a similar manner and in the same general area, there was no other link between them.
Likewise, this court has applied the Paul standard in determining whether two or more charges were properly consolidated for trial. In Granville v. State, 625 So.2d 1258 (Fla. 1st DCA 1993), we reversed the trial court's denial of a motion to sever two drug sales arising out of transactions on different dates, despite the fact that the sales were made to the same informant within a week of each other at the same location, because each sale was a separate transaction. More recently in Ghent v. State, 685 So.2d 72 (Fla. 1st DCA 1996), we held that the trial court's failure to sever one count of sexual battery from two others against another victim was reversible error. Relying on Paul, we explained that the offenses in Ghent were not "linked in an episodic sense" and were "related only in that they were sex offenses occurring during the summer of 1993, two of the incidents occurred in a similar fashion at appellant's place of residence, the victims were related, and appellant allegedly was guilty." Id. at 73-74.
Applying these principles to the facts of the present case, we conclude that the trial court erred in consolidating the July 6th sales with the sale on July 8th. These two sets of crimes are similar but they lack any causal link or episodic character. Despite their temporal and geographic proximity, they arise from "similar but separate episodes, separated in time which are `connected' only by similar circumstances and the accused's alleged guilt in both or all instances." Paul 365 So.2d at 1065. The two sets of sales could not be fairly characterized as offenses connected to each other as a part of a crime spree. Bundy v. State, 455 So.2d 330 (Fla.1984). Nor does it appear that the third sale was caused by the first two sales. Fotopoulos v. State, 608 So.2d 784 (Fla.1992).
The absence of a causal connection between the two sets of sales distinguishes the present case from Solomon v. State, 596 So.2d 789 (Fla. 3d DCA 1992), and Brown v. State, 468 So.2d 325 (Fla. 2d DCA 1985). In Solomon, the discovery of the second offense (possession) came about as a direct result of the commission of the first offense (sale) when the defendant took the officer back to his apartment with the intent to sell more cocaine. Likewise, the initial sales of cocaine in Brown were an integral part of the major charge of conspiracy to traffick in cocaine. In contrast, the record in the present case reveals a series of similar but separate transactions.
We acknowledge that Williams v. State, 409 So.2d 253 (Fla. 4th DCA 1982), provides direct support for the state's argument that the offenses were properly consolidated because they were all part of an ongoing investigation. We disagree with the conclusion in Williams, however, and align ourselves with the view expressed by Judge Hurley in his dissent. Judge Hurley explained the fallacy of the "ongoing investigation" theory as follows:
... I cannot join in the majority's conclusion that these crimes are "clearly and directly connected in an episodic sense," i.e., are part of a single criminal episode. The majority emphasizes that both sales occurred during the course of an ongoing investigation. I fail to see the relevance of *1136 that fact. Whether crimes form part of a criminal episode depends on the activities of the defendant, not the activities of the police in investigating the defendant.
In this case each sale was a separate and distinct transaction. The two charges did not arise from one continuous sequence of events. [citation omitted] The fact that both sales were to the same undercover officer is hardly enough to distinguish this case from Paul, supra. Similarly, the fact that both sales occurred within a week's time is not enough. [citations omitted]
Williams at 409 So.2d at 254.
We certify that our decision in this case is in conflict with the decision of the Fourth District Court of Appeal in Williams.
In summary, we hold that the alleged sale on July 8th was a separate offense and that it was improperly consolidated with the two sales on July 6th. The defendant's convictions are reversed for separate new trials.
Reversed.
MINER and ALLEN, JJ., concur.