PER CURIAM.
Appellant, Ben Arthur Smith was charged by information with two counts of unlawful possession of a firearm by a convicted felon. Prior to trial, he moved to sever the counts and the motion was denied. After a trial by jury, Smith was acquitted of one of these charges and convicted of the other. He now appeals his conviction and sentence. We affirm.
According to the testimony of police officer Regina Pelham, on May 15, 1997 at approximately 5:15 p.m., she stopped Smith, who was driving a Dodge Neon, for speeding and swerving in and out of traffic. At the time, Smith was the sole occupant of the car. A check of the tag revealed that although Smith was not its registered owner, the car had not been reported stolen. When Officer Pelham asked Smith for his license, registration, and proof of insurance, Smith produced an I.D. card. A police check revealed that Smith’s license was suspended. Smith was arrested and searched. During the search incident to arrest, Officer Pelham found five rounds of .25 caliber bullets in Smith’s left front pants pocket and a .25 caliber magazine clip in his right front pants pocket. Officer Pelham performed an inventory search of the car and found a .25 caliber Baretta revolver in the trunk. A check of this firearm’s serial number revealed that it had not been reported as stolen. Officer Pelham also found a slip from a pawn shop inside the car during her inventory search. The pawn slip revealed that Smith had sold another firearm for $100.00 to the South Dade Jewelry & Gun Exchange, Inc. approximately one hour prior to the stop. The pawn slip bore Smith’s signature and his right thumb print.
After being charged with two counts of unlawful possession of a firearm by a convicted felon, Smith proceeded to trial by jury. Prior to trial, the defense moved to sever the two counts arguing that they were unrelated, that there was a separate defense as to each, and that the defense would be prejudiced by consolidation of the two firearm charges at trial. The motion for severance was denied.
At trial, in addition to the testimony of the police, the state called, Dan Feazell, the clerk at the South Dade Jewelry & Gun Exchange, Inc., whose initials were on the bottom of Smith’s pawn slip found in the car. Although he had no independent recollection of the particular transaction with Smith, Mr. Feazell testified that it was not the practice of the pawn shop to allow someone other than the person in *959 actual possession of the firearm to sell the firearm, sign the pawn slip and supply a thumb print. The prosecution rested its case. The defense renewed its motion for severance of the counts and made a motion for judgment of acquittal on both counts. Both of these motions were denied and the defense proceeded with its case.
As its sole witness, the defense called Smith’s mother, Ms. Mamie Metellus. Pri- or to his arrest, Smith had resided with his mother along with his two brothers. Ms. Metellus testified that Smith had requested a loan from her, but she did not have the money. Instead, she told Smith that if he promised to repay her, she would accompany him to a pawn shop to allow him to pawn a gun owned by one of his brothers, but purchased by her.
On the date of the arrest, Ms. Metellus testified that Smith had been working at her brother’s auto repair shop. Ms. Me-tellus drove her car to the repair shop to pick Smith up and to accompany him to the pawn shop to sell his brother’s gun and to keep an afternoon hair appointment in South Dade. While there, she decided to leave her car for repair of an oil leak. As she was discussing this situation with Smith, she testified that another female customer at the repair shop overheard their conversation and invited them to use her green Neon for their errands as long as they first drove her to work in South Miami and returned the car to the shop for repairs afterwards. Ms. Metellus then testified that Smith drove the car and dropped the customer off at her job, stopped at the pawn shop and then drove her to her hair appointment. According to Ms. Metellus, Smith was stopped by Officer Pelham while he was en route back to his uncle’s auto repair shop.
While at the pawn shop, Ms. Metellus testified that Smith filled out the paperwork and the shop’s clerk did not ask who owned the gun. Ms. Metellus further stated that she had always maintained actual possession of the gun until it was turned over to the pawn shop employee because she knew that Smith was a convicted felon and could not possess a gun. Ms. Metellus could not, however, offer any explanation for the bullets or magazine clip found in Smith’s pockets which fit the gun found in -the trunk of the car upon his arrest.
The jury returned its verdict finding Smith not guilty of possession of the firearm pawned at the South Dade Gun and Jewelry Exchange, Inc. and guilty of possession of the firearm found in the trunk of the car. Smith appeals and raises two issues.
First, Smith argues that the trial court improperly denied his motion for judgment of acquittal where the circumstantial evidence was insufficient to support his conviction for the constructive possession of the gun found in the trunk of the car. We disagree. Where, as here, the state has alleged constructive possession of contraband, proof of guilt must be shown by the following three elements which may be based upon circumstantial evidence: (1) the accused must have dominion and control over the contraband; (2) the accused must have knowledge that the contraband is within his presence; and (3) the accused must have knowledge of the illicit nature of the contraband. See Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983); Wale v. State, 397 So.2d 738, 739 (Fla. 4th DCA 1981). If the contraband is found to be in an area, structure, vehicle, etc., which is within the exclusive possession of the accused, the accused’s guilty knowledge of the presence of the contraband, together with his ability to maintain control over it, may be inferred. Id.
Here, Smith was the driver and sole occupant of the vehicle when he was stopped by the police for traffic infractions. He had bullets and a magazine clip in his pockets which matched the gun found in the trunk. We think that this circumstantial evidence was sufficient for a jury to reasonably infer Smith’s knowledge and ownership of the gun seized from the trunk. See Chambers v. State, 700 So.2d *960 68 (Fla. 5th DCA 1997); Jordan v. State, 548 So.2d 737 (Fla. 4th DCA 1989).
As his second point on appeal, Smith urges that the trial court’s denial of his motion for severance of the two counts of possession of a firearm by a convicted felon was error. Initially, we note that the decision to grant or deny a motion for severance rests within the sound discretion of the trial court. See Fotopoulos v. State, 608 So.2d 784 (Fla.1992); Johnson v. State, 438 So.2d 774 (Fla.1983); Crum v. State, 398 So.2d 810 (Fla.1981). See also Domis v. State, 755 So.2d 683, 685 (Fla. 4th DCA 1999). Florida Rule of Criminal Procedure 3.150(a) permits the joinder of offenses under certain circumstances. Specifically, the rule provides as follows:
Joinder of Offenses. Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions.
In the instant case, the evidence does not establish whether Smith may have possessed both firearms simultaneously at some point. Thus, the state’s argument for joinder of these two felonies could not be based upon the same act provision of the rule.[1] Instead, the state urged that joinder was appropriate because these two felonies were connected acts or transactions. We agree.
As the state correctly points out, when evaluating the “connected acts or transactions” requirement of the rule, “[cjourts may consider the temporal and geographical association, the nature of the crimes and the manner in which they were committed .” See Domis, 755 So.2d at 685, quoting Bundy v. State, 455 So.2d 330, 334 (Fla.1984). In this case, we think that Smith’s possession of these two firearms within a short period of time of each other, transported in the same vehicle within a limited geographical area may properly be viewed as connected or related transactions under the rule. Hence, based upon our review of the evidence, we cannot conclude that a denial of the motion for severance constituted an abuse of discretion in this case. See Davis v. State, 670 So.2d 1036 (Fla. 2d DCA 1996); Solomon v. State, 596 So.2d 789 (Fla. 3d DCA 1992); Wonyetye v. State, 648 So.2d 797 (Fla. 4th DCA 1994).
For the foregoing reasons, we therefore affirm the conviction and sentence entered in this case.
Affirmed.

. Indeed, the state candidly concedes that if Smith had been apprehended while in possession of both firearms at the same time, only one count of possession of a firearm by a convicted felon could have been charged. See Hill v. State, 711 So.2d 1221 (Fla. 1st DCA) aff'd. 722 So.2d 193 (1998).