STEVENSON, J.
Appellant, Harron Moye, was charged by information and tried on five separate counts involving possession and sale of marijuana and cocaine.[1] Appellant was convicted on four of the five charges. Because we agree with appellant that the trial court abused its discretion in failing to sever at least two of the charges for purposes of trial, we reverse.
The March 5 possession of cocaine charge (count I) arose out of the alleged sale of cocaine by appellant to a confidential informant in an area near apartments located at 291 and 293 Southwest First Street in Deerfield Beach. This operation *171 was set up by Officers Hickox and Sanchez of the Broward County Sheriffs Office. Hickox observed appellant go somewhere to the rear of building 293 and return with the drugs. The March 8 delivery of marijuana charge (count II) arose from an incident where appellant allegedly sold marijuana to Officer Dickerson while Dickerson was working in an undercover capacity. Appellant sold the drugs directly to Dickerson and Dickerson observed appellant go inside of Apartment Two at 291 Southwest First Court and return with the marijuana. On March 14, based on the March 8 sale of marijuana, Officers Dickerson and Phil-brick executed a search warrant on 291 Southwest First Court, Apartment Two, which was leased to appellant. Marijuana, as well as cocaine, was found, leading to a possession of marijuana with intent to sell charge (count III) and two possession of cocaine charges (counts IV and V).
We find that the trial court erred in failing to sever the March 5 possession of cocaine with intent to sell charge from the March 8 sale of marijuana and the March 14 possession of marijuana and cocaine charges. Since these crimes were not “related” within the meaning of Florida Rule of Criminal Procedure 3.150, we conclude that the March 5 incident was improperly charged in the same information along with the March 8 and March 14 incidents.[2] Similar offenses charged against a defendant require separate trials unless the crimes are linked in some significant way. See Ellis v. State, 622 So.2d 991, 999-1000 (Fla.1993). The link can include the fact that the crimes “occurred during a ‘spree’ interrupted by no significant period of respite.” Id. at 1000 (citing Bundy v. State, 455 So.2d 330 (Fla.1984)). Joinder may also be appropriate when one crime is . “causally related to the other, even though,there may have been a significant lapse of time.” Id. (citing Fotopoulos v. State, 608 So.2d 784 (Fla.1992)). However, “a general temporal and geographic proximity is not sufficient in itself to justify joinder except to the extent that it helps prove [an otherwise] proper and significant link between the crimes.” Id.
We note that a single trial for the March 8 sale of marijuana and March 14 possession of marijuana and cocaine charges would have been proper. In Solomon v. State, 596 So.2d 789 (Fla. 3d DCA 1992), the court concluded that the trial court did not abuse its discretion in denying a motion to sever a sale of cocaine charge from a subsequent possession charge arising out of the search of the defendant’s apartment five days after the sale. The court reasoned that the crimes occurred during the course of an ongoing investigation and were episodically connected, in that, in both instances, the apartment was used as a storage place for drugs and the defendant’s sale of drugs led the officer to obtain a search warrant, which resulted in the seizure of drugs. See id. at 791. Here, as in Solomon, the evidence suggested the apartment was used as a storage place for the drugs which were sold on March 8, which led the officers to obtain a warrant, resulting in the seizure of the. drugs on March ■ 14. Except for geographical proximity, there was no such connection between the March 5 incident and the March 8 and March 14 incidents. There was little testimony that the March 5 and March 8 drug buys were *172 part of an organized ongoing investigation and any suggestion that appellant used the apartment to store the drugs sold on March 5 would be mere speculation:
In conclusion, because we have found an abuse of discretion in the trial court’s failure to sever some of the charges for trial, we must reverse and order a new trial on all of the charges “to promote a fair determination of the defendant’s guilt or innocence of each offense.” Fla. R.Crim. P. 3.152(a)(2)(A).
REVERSED and REMANDED.
GUNTHER and STONE, JJ„ concur.

. The charges were as follows: count I — possession of cocaine with intent to sell on March 5, 2002; count II — delivery of marijuana on March 8, 2002; count III — possession of marijuana with intent to sell on March 14, 2002; and counts IV and V — possession of cocaine on March 14, 2002. Appellant was convicted of all charges except possession of cocaine — count V.

. Florida Rule of Criminal Procedure 3.150(a) provides:
(a) Joinder of Offenses. Two or more offenses that are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on 2 or more connected acts or transactions.