FLETCHER, Judge.
Defendant Andre Quarterman was charged by the State with burglary in violation of section 810.02(3), Florida Statutes (1993). Pursuant to section 775.084(3)(b), Florida Statutes (1993), the State filed notice of its intent to seek enhanced penalty sentencing under the habitual felony offender statute. § 775.084(l)(a), Fla.Stat. (1993).
On October 25,1993, after being in custody pending trial for eight months, Quarterman came before the trial court and sought a furlough to visit his one-year-old daughter who was to have surgery the following day. The court agreed to the furlough on the condition that Quarterman plead “to seventeen as a habitual offender.” The court further stated that if Quarterman returned at a time certain, the court would vacate the plea. As events transpired, Quarterman did not return on a timely basis and, without further hearing, judgment and sentence were entered against him for a term of seventeen years as a habitual felony offender.
On appeal, Quarterman contends that the record is devoid of any oral or written findings regarding prior convictions, and that the State did not provide the sentencing court with a presentence investigation report or certified copies of predicate convictions; therefore, the habitual felony offender sentencing was reversible error. We agree.
The legislature intended that the trial court make specific findings of fact when sentencing a habitual offender. See § 775.084(3)(d), Fla.Stat. (1993). The Florida Supreme Court has held, however, that the failure to make such findings of fact is harmless error where evidence of timely pri- or convictions, which have not been pardoned or set aside, is easily discernible from the record, thus allowing meaningful appellate review. Herrington v. State, 643 So.2d 1078 (Fla.1994). In this case, the record is devoid of the requisite evidence.
Although the State belatedly attempted to supplement the record on appeal with certified copies of prior convictions, this Court denied the motion to supplement because the proper place for introduction of such evidence is before the trial court prior to or at the time of sentencing, not on appeal of a sentence already entered. In absence of record evidence showing the propriety of habitual offender sentencing in this case, we cannot say that the trial court’s failure to make written or oral findings of fact supporting the sentence was harmless.
Accordingly, we reverse and remand the cause for resentencing, and direct the trial court to conduct a hearing in accordance with section 775.084(3)(c), Florida Statutes (1993). At the hearing, evidence of prior qualifying convictions may be admitted, if such exists, *1171 and Quarterman, through counsel, may exercise full rights of confrontation.
Reversed and remanded for resentencing.