743 So.2d 602 (1999)
Lavincent OSBORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3729.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
Lawrence Duffy of Nicoletti, Duffy & Edwards, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Lavincent Osborne, appeals his conviction and sentence for possession of a firearm by a convicted felon. He alleges the trial court erred by allowing irrelevant and prejudicial evidence of a murder for which he was not being tried at that time. We affirm.
Evidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is admissible under section 90.402, Florida Statutes, because "it is a relevant and inseparable part of the act which is in issue." See Coolen v. State, 696 So.2d 738 (Fla. 1997). Inextricably intertwined evidence or inseparable crime evidence may also be admitted because it is relevant and necessary to adequately describe the events leading up to the crime. See State v. Cohens, 701 So.2d 362, 364 (Fla. 2d DCA 1997).
In this case, appellant acknowledges that evidence which is inextricably intertwined with and inseparable from the crime charged is the only basis upon which evidence of the murder could have been admitted. However, he argues that the murder had no relevance to the crime charged. He maintains that the witnesses could have testified about the gunfight without discussing the shooting. We disagree.
We hold that the events leading up to and surrounding the murder were relevant and necessary to establish that appellant was in possession of a firearm. It is especially relevant where appellant denies that he was ever in possession of a firearm. The entire context in which appellant possessed the firearm and the resulting murder were so inextricably intertwined that there was no way not to allow testimony of the murder.
*603 We accordingly affirm appellant's conviction and sentence for possession of a firearm by a convicted felon.
AFFIRMED.
POLEN and GROSS, JJ., concur.