832 So.2d 930 (2002)
Robert Patrick SCARBORO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1562.
District Court of Appeal of Florida, Third District.
December 26, 2002.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
PER CURIAM.
Robert P. Scarboro appeals his convictions for battery on a law enforcement officer and resisting an officer with violence. Based on an evidentiary error, we conclude that there must be a new trial.
Police were called to the house of the exgirlfriend of defendant-appellant Scarboro. The ex-girlfriend said that defendant had been to her house demanding the return of a ring. He pushed the door open, pushed her out of his way, ransacked the house and ripped the phone off of the wall.
After officers spoke with the victim they went to defendant's home. When they arrived, defendant cursed at the officers and picked up a dresser and threw it toward the officers. Several officers charged the defendant, the defendant moved around and when the only light in the room broke, defendant bit one of the officers.
At trial, the court allowed the officers to testify concerning the events occurring at the ex-girlfriend's house including the fact that the ex-girlfriend was crying and frightened. Defendant was convicted and sentenced to ten years as a habitual offender. This appeal followed.
*931 Prior to trial, the defense moved in limine for an order excluding evidence of the defendant's conduct at the ex-girlfriend's house. The defense argued that the prior events at the ex-girlfriend's house were separated by time and place from the defendant's subsequent encounter with the police at the defendant's home. The defense contended that testimony regarding the events at the ex-girlfriend's house would amount to testimony regarding uncharged crimes. The trial court denied the motion in limine, reasoning that the earlier incident was relevant to provide a context for what happened later at the defendant's own home.
We must respectfully disagree with the trial judge's conclusion, under the circumstances of this case. All the jury needed to be told was that the officers had arrived at the defendant's home to conduct a criminal investigation. The details of the officers' investigation at the ex-girlfriend's home were not necessary for the jury's understanding of the officers' own encounter with the defendant.
At trial, the defense objections were overruled. The investigating officers testified that the defendant had committed serious felonies at the ex-girlfriend's house, including burglary with a battery, criminal mischief, and tampering with evidence. The testimony included the fact that the defendant had destroyed property at the ex-girlfriend's house, that the ex-girlfriend was afraid of the defendant, and that she wanted something done because she was concerned that the defendant might come back.
The foregoing testimony did not amount to inseparable crimes evidence, nor was this amount of detail necessary for the jury to understand the context of the officers' subsequent visit to the defendant's home. See Porter v. State, 715 So.2d 1018, 1020 (Fla. 2d DCA 1998). We are unable to say that the error was harmless. Thus, there must be a new trial.
Defendant also argues that the trial court should have sustained defense objections to prosecution questions asking the police officer to outline what treatment he had received for the bite injury. By way of background, the defendant is infected with Hepatitis C. On defense motion, there had been an order in limine that the jury should not be informed of that fact.
While in the witness stand, the officer described the bite injury, showed his scar to the jury, and explained that he had to receive medical treatment for the injury. All of this was perfectly appropriate and was not objected to.
However, in answers to further, objected-to questions about the nature of the medical treatment he received, the officer testified that he had to be tested for Hepatitis C, and was undergoing continuing treatment with penicillin and AZT. Under the circumstances of this case, the objections should have been sustained.
Here, the defendant was charged with battery on a law enforcement officer "by actually and intentionally touching or striking said person against said person's will, in violation of s. 784.07 and s. 784.03, Fla. Stat. ...." The magnitude or extent of injury is not an issue under this particular part of the statute. Under the facts of this case, the exact medication and tests administered were not relevant to the pending charge, and the officer's answer could indicate to the jury that the defendant has Hepatitis Ca fact which the court had already ruled should not communicated to the jury. See T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996) (en banc); McGriff v. State, 417 So.2d 300 (Fla. 3d DCA 1982).
We address the claim of error in habitual offender sentencing, because this issue *932 will likely arise again if the defendant is convicted. The requirement for introduction of the certified copies of the predicate convictions is set forth in Quarterman v. State, 670 So.2d 1169, 1170 (Fla. 3d DCA 1996).
For the stated reasons, the convictions are reversed and the cause remanded for a new trial.[*]
NOTES
[*] This moots the second and third points on appeal.