865 So.2d 622 (2004)
William BURGOS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1274.
District Court of Appeal of Florida, Third District.
January 28, 2004.
Rehearing Denied February 18, 2004.
*623 Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Marni A. Bryson, Assistant Attorney General, for appellee.
Before GERSTEN, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
William Burgos appeals his conviction for resisting arrest without violence. We reverse.
Burgos was arrested and charged with resisting an officer with violence, depriving an officer of means of protection, and battery on a law enforcement officer. The charges stemmed from an incident following a police dispatch to a local trailer park. According to the officers involved, when they arrived at the trailer park, they were approached by a woman who was crying hysterically and whose face was lacerated, swollen and bleeding. This woman pointed out Burgos and told the officers that Burgos, who was then standing about twenty-five feet away talking with his mother, had caused her injuries. After Burgos refused to respond to the officers' inquiries, they attempted to arrest him, only to be met by a fierce struggle during which Burgos kicked and punched them, attempted to obtain one of their handguns, and attempted to use one officer's radio as a weapon. When finally subdued and arrested, Burgos was charged with resisting an officer with violence, depriving an officer of means of protection, and battery on a law enforcement officer. He was not charged with domestic battery.
On the first day of trial, the defense moved to preclude all mention of domestic violence against the battered woman who turned out to be Burgos' girlfriend. The motion was initially granted by Judge Silverman. The trial was then transferred to Judge Deehl, who ultimately denied the motion, thereby paving the way for the state to elicit extensive and detailed testimony from the officers that the victim was hysterical, had a bleeding laceration to the eye, and had a swollen, lacerated and bleeding mouth; that the victim had stated that Burgos had hit her; and that the victim had told them that Burgos had stated *624 that "she was not going to look pretty anymore." This ruling also cleared the way for admission of a photograph depicting the victim's bloody injuries. Burgos was ultimately convicted of the lesser included offense of resisting arrest without violence.
Burgos seeks a new trial contending that this detailed evidence relating to an uncharged domestic battery offense was not relevant to the crimes charged. The state contends that even if not directly relevant to the charges relating to the arresting officers, the evidence was properly admitted because it was necessary to adequately describe the events leading up to the offenses charged and because it was inextricably intertwined with the charged offenses. See Osborne v. State, 743 So.2d 602, 602 (Fla. 4th DCA 1999) (evidence of other crimes is admissible when "relevant and necessary to adequately describe the events leading up to the crime[s charged]"); Simmons v. State, 790 So.2d 1177, 1178 n. 2 (Fla. 3d DCA 2001)("[e]vidence of an uncharged crime is inextricably intertwined with a charged offense, and therefore admissible ... `where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime'") (citation omitted). We disagree with the state's position.
Graphic descriptions of the girlfriend's injuries, hammered home by photographic evidence, and her account of threats made by the defendant were unnecessary to understanding the officers' encounter with Burgos. The officers' presence was sufficiently explained by their testimony that they were dispatched to the trailer park and that during their investigation Burgos was identified as the subject of the investigation.[1]See Porter v. State, 715 So.2d 1018, 1020 (Fla. 2d DCA 1998) (wife's statement that her husband was trying to kill her was not necessary to explain deputies' presence in light of testimony that officers were present because they had received a domestic violence call); see also, Scarboro v. State, 832 So.2d 930, 931 (Fla. 3d DCA 2002)(concluding that testimony detailing earlier criminal activity leading up to the defendant's arrest was "not necessary for the jury's understanding of the officers' own encounter with the defendant").
The testimony regarding the domestic battery also was not inextricably intertwined with defendant's altercation with the officers as there was a "clear break" between that incident and defendant's confrontation with the officers. See Porter, 715 So.2d at 1020. It certainly was possible to give a complete and intelligent account of the altercation between Burgos and the officers without delving into the details of the domestic battery.
The admission of the detailed testimony regarding the domestic battery was, therefore, error. Since we are unable to state that the error was harmless, we must reverse and remand for a new trial.
*625 Our decision to reverse on this ground makes it unnecessary to reach the remaining issues raised in this appeal, including defendant's claim that the trial court erred in denying his motions for mistrial, which were based on certain gratuitous comments made by the testifying officers and prosecutor that: prisoners teach other prisoners to use handcuffs as a claws; "there are a lot of police officers every year who are killed with their own firearms"; and that one of the officers drew her weapon because she wanted "to go home to [her] family." We agree, however, that these statements were comments upon matters extraneous to the trial and are to be avoided at the new trial.[2]
Reversed and remanded.
NOTES
[1] The state conceded as much below:

[THE STATE]: Let me make clear our position.
I think, as an officer of the court, that we can certainly state that [the previously assigned trial judge] indicated that we couldn't go into the physical injuries of the victim.
The state is not seeking to do that.
All we're asking Your Honor to allow us to do is not describe the injuries of the victim, but just to say that they [the officers] were there pursuant to a domestic call.
They arrived on the scene; they went up to the victim; she pointed out the defendant.
That's it.
We're not asking to go into any details regarding it.
[2] We do not, of course, approve the prosecutor's comment that Burgos was "acting like a caged animal" by failing to single it out in this portion of our decision.