957 So.2d 43 (2007)
Adrian Donell SCOTT, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4987.
District Court of Appeal of Florida, First District.
April 30, 2007.
Rehearing Denied June 6, 2007.
*44 Nancy A. Daniels, Public Defender, and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is a direct appeal from Appellant's conviction and sentence for felony murder by aggravated child abuse. Because the trial court allowed the admission of improper evidence, we reverse.
Defense counsel filed a motion in limine seeking to exclude testimony that the child suffered a broken arm and leg approximately one month prior to his death because the State failed to provide timely Williams rule notice. The State conceded that it failed to comply with the notice requirement, but argued that the evidence should be admitted because it was inextricably intertwined with the charged crime. The trial court allowed the admission of the evidence under this theory.
"Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed, (2) provide an intelligent account of the crime(s) charged, (3) establish the entire context out of which the charged crime(s) arose, or (4) adequately describe the events leading up to the charged crime(s)." Dorsett v. State, 944 So.2d 1207, 1213 (Fla. 3d DCA 2006) (en banc) (citations omitted). In this case, the testimony was not necessary to establish any of the above criteria because the broken bones were not related to the cause of death and the events happened a month prior to the child's death. Although the broken bones required the use of a body cast, the causes of the injuries were not established to be relevant as inextricably intertwined or similar fact evidence.
The State urges this court to affirm the trial court's ruling because the evidence could have also been admitted as Williams rule evidence. However, the State never argued this ground for admission before the trial court because it failed to timely comply with the statutory notice requirement. Thus, the trial court never considered the evidence within the parameters of section 90.404(2), Florida Statutes (2003), and defense counsel was never afforded an opportunity to argue against the admission on such grounds. Therefore, it would be improper for this court to affirm the trial court's ruling on this basis. Robertson v. State, 829 So.2d 901, 906-09 (Fla. 2002).
The trial court also erred by allowing testimony that Appellant punished the child by requiring him to stand on one leg in a corner as Williams rule evidence. Because there was no testimony concerning the duration or frequency of the punishment, there was insufficient evidence to establish that this form of punishment constituted child abuse. State v. Lee, 531 So.2d 133, 135 (Fla.1988). These errors cannot be considered harmless beyond a reasonable doubt under the circumstances of this case. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Henrion v. State, *45 895 So.2d 1213, 1217 (Fla. 2d DCA 2005). We therefore reverse Appellant's conviction and remand for a new trial.
REVERSED and REMANDED.
WOLF, DAVIS, and THOMAS, JJ., concur.