PER CURIAM.
The defendant appeals his convictions for fleeing or attempting to elude, resisting an officer without violence, and possession of cannabis. We conclude that the court erred in admitting testimony regarding an uncharged drug transaction to describe the events leading up to the charged offenses. Therefore, we reverse and remand for a new trial.
The charges against the defendant arose from an incident that occurred when undercover officers from the Tallahassee Police Department were investigating reports of street-level drug dealing in a particular *1045 area. An officer observed the defendant in what he suspected was a hand-to-hand drug transaction with another man. Because the officer was working undercover, he called in what he had seen to other officers.
When a uniformed officer responded to the scene in a patrol car and approached the vehicle, the defendant quickly drove away, turning sharply to go around the patrol car as the officer yelled for him to stop. By the time the officer turned his lights and siren on, the defendant’s vehicle was already down the road. The officer did not attempt to pursue the defendant’s vehicle, because high-speed chases were against department policy. Instead, he turned off his lights and began searching for the vehicle.
An officer radioed that he had found the vehicle, but that the defendant and his passenger were running away from it. Moments later the officer radioed that the defendant had been observed hiding in some bushes. As the uniformed officer who had encountered the defendant at the convenience store approached the scene, he told the defendant not to move but the defendant stood up and started walking away. As he did so, he jettisoned a bag of cannabis and some keys. The officer ultimately stopped the defendant with a taser. He was arrested and charged with fleeing or attempting to elude, resisting an officer without violence, and possession of cannabis.
The defendant filed a motion in limine to exclude the evidence of the suspected drug transaction. At a hearing on the motion, the state acknowledged that the evidence was not sufficient to charge the defendant with the suspected drug transaction, but argued that the state should be allowed to present evidence of the transaction as part of the same criminal episode. The trial court denied the defendant’s motion in li-mine, finding that the drug transaction was inextricably intertwined with the charged offenses.
During the trial, about half of the prosecutor’s opening statement was devoted to describing the narcotics investigation and the drug transaction. The three officers involved in the series of events leading to the defendant’s arrest testified at trial. One officer testified solely to describe the suspected hand-to-hand drug transaction. The other two officers also testified about the suspected drug transactions; one of them described the amount and specific denominations of cash that he seized from the defendant upon his arrest. In addition, the prosecutor referred to the drug transaction in closing argument.
The jury convicted the defendant on all three counts, and the trial court sentenced him to four years in the Department of Corrections on the fleeing or attempting to elude count and time served on the remaining counts. The defendant then appealed to this court.
The issue presented in the appeal is whether the evidence of the uncharged drug transaction was necessary to describe the events leading up to the charged offenses. Evidence of a collateral offense may be admissible on the ground that it is inextricably intertwined with the charged offense and therefore relevant to prove that offense. See Osborne v. State, 743 So.2d 602 (Fla. 4th DCA 1999); Samuels v. State, 11 So.3d 413, 418 (Fla. 4th DCA 2009). The test for admissibility of collateral crime evidence on this theory is whether the evidence of the collateral crime is necessary to (1) adequately describe the charged act, (2) provide an intelligent account of the crime charged, (3) establish the entire context out of which the charged crime arose, or (4) adequately describe the events leading up to the *1046 charged crime. See Scott v. State, 957 So.2d 43 (Fla. 1st DCA 2007); McGee v. State, 19 So.3d 1074 (Fla. 4th DCA 2009).
If the purpose of admitting testimony regarding uncharged collateral crimes is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight, and the likelihood of misuse is great. See Tillman v. State, 964 So.2d 785, 788 (Fla. 4th DCA 2007). Moreover, even if evidence of an uncharged crime is inextricably intertwined with the charged offense and is thus admissible to establish the entire context of the crime, unnecessary details must be excluded. See Conde v. State, 860 So.2d 930 (Fla.2003).
In the present case, the officers’ testimony concerning the suspected drug transactions was admitted purportedly to provide context for the encounter with the defendant and to provide a reason for the police to stop him. However, the testimony regarding the suspected drug transaction was not necessary to explain why the uniformed officer approached the defendant or why the officers were in the area. See Burgos v. State, 865 So.2d 622 (Fla. 3d DCA 2004) (holding that it was unnecessary to admit evidence that the defendant had battered his girlfriend to provide context for the subsequent charge of battery on a law enforcement officer); Scarboro v. State, 832 So.2d 930 (Fla. 3d DCA 2002) (holding that the amount of detail concerning uncharged domestic violence incident to which officers testified was not necessary to explain the officers’ presence in defendant’s home and that “[a]ll the jury needed to be told was that the officers had arrived at the defendant’s home to conduct a criminal investigation”).
It would have been sufficient simply to inform the jury that the officers were in the area because they were conducting a criminal investigation there. The detailed testimony of the uncharged transactions was not necessary for the jury’s understanding of the officers’ encounter with the defendant. The state could have given a complete and intelligent account of the encounter and the officers without delving into the details of the suspected hand-to-hand drug transaction. The unnecessary and detailed testimony of these transactions unduly prejudiced the defendant, and its admission cannot be said to have been harmless error.
For these reasons, we conclude that the admission of the detailed testimony regarding the alleged drug transaction was error and we reverse for a new trial on the fleeing or attempting to elude count and resisting without violence charges. We find no merit to the defendant’s challenge to the denial of his motion for judgment of acquittal on the fleeing or eluding charge.
Reversed.
PADOVANO and CLARK, JJ., concur.
THOMAS, J., dissents with opinion.