STEVENSON, J.
 

 Defendant, Christopher B. Sinclair, appeals his conviction and sentence for possession of a firearm by a convicted felon, carrying a concealed firearm, felony driving while license suspended, and unlawful use of a false name. Because of a prejudicial evidentiary error, we reverse the two firearm-related convictions.
 

 
 *1225
 
 At approximately 1:30 a.m., a detective conducting surveillance in a residential development noticed a Chevy Caprice being driven with a missing tag light. Intending to initiate a traffic stop, the detective followed the car until it came to a complete stop in the middle of the road. No one got out of the vehicle. The detective exited his police car and approached the stopped vehicle. While walking towards it, the detective noticed that the occupant was moving around within the car, causing it to sway from side to side.
 

 When the detective reached the driver’s side window, Defendant was sitting in the driver’s seat and was the only occupant in the vehicle. Defendant was turning his body forward and bringing his right arm from the back seat to the front seat. The driver’s seat was pushed back and the back panel of the seat was laid back. Given Defendant’s size, he could easily access the back seat area of the car.
 

 The detective asked Defendant for his license, registration and proof of insurance. Defendant did not have these items, and gave the detective a false name. During a consensual search of the vehicle, the detective discovered a loaded handgun lying underneath a vinyl flap connected to the backseat armrest. The detective also found a document containing Defendant’s true name. The detective ran a search on Defendant and discovered that Defendant had previously been convicted three times for driving with a revoked license.
 

 During trial, Defendant argued that the firearm was not his but belonged to a gentleman who had left the firearm in the vehicle earlier that day, and that he had no knowledge that the firearm was in the vehicle. The owner of the firearm was not at trial. However, the State sought to question the detective on statements made by the owner during a telephone call with the detective. The detective testified that the owner contacted him and stated that he believed Defendant had stolen the firearm. Defendant objected to this testimony as hearsay and the testimony was stricken from the record.
 

 On cross-examination, in referencing the owner of the firearm, Defendant asked “Do you know who that person is” to which the detective responded “No, I do not.” Defendant asked no further questions concerning the firearm’s owner. However, on re-direct, the State asked the detective, again, to relay the owner’s statements. Upon objection by Defendant, the State argued that Defendant opened the door to this testimony. The trial court allowed the testimony. The detective then testified that the owner of the firearm called him and told him that “he thought [Defendant] had stolen [the firearm] from his house.”
 

 Defendant moved for a judgment of acquittal, arguing that the evidence was not sufficient to show that he was in possession of the firearm. On appeal, Defendant argues, first, that this motion should have been granted. A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo.
 
 See Dumais v. State,
 
 40 So.3d 850, 852 (Fla. 4th DCA 2010).
 

 Possession of a firearm may be actual or constructive.
 
 See Wilcox v. State,
 
 522 So.2d 1062, 1063 (Fla. 3d DCA 1988). Since the State presented no evidence that a firearm was found on Defendant’s person, the State had to present evidence of constructive possession. Constructive possession requires the State to prove “ ‘that the defendant had knowledge of the presence of the [contraband] and the ability to exercise dominion and control over the same.’ ”
 
 Ubiles v. State,
 
 23 So.3d 1288, 1291 (Fla. 4th DCA 2010) (quoting
 
 Martoral v. State,
 
 946 So.2d 1240, 1242 (Fla. 4th DCA 2007)). When the contraband is found in an area over which the
 
 *1226
 
 defendant had exclusive possession, the defendant’s knowledge of the contraband and ability to maintain control over it may be presumed.
 
 See Smith v. State,
 
 776 So.2d 957, 959 (Fla. 3d DCA 2000). Thus, when the defendant is the sole occupant of a vehicle in which contraband is found, a prima facie case of possession is established.
 
 See Lee v. State,
 
 835 So.2d 1177, 1179 (Fla. 4th DCA 2002).
 

 The State presented evidence that Defendant was the sole occupant and in exclusive possession of the vehicle. The detective testified that he followed the vehicle until it came to a complete stop, that no one exited the vehicle, and that, when he approached the vehicle, Defendant was the sole occupant. The firearm was subsequently found in the backseat, in an area over which the Defendant could have easily accessed. This evidence was enough to establish a prima facie case of possession.
 

 We find merit, however, in Defendant’s argument that the trial court erred in admitting the statement from the firearm’s owner that he believed Defendant had stolen the gun from him. A trial court’s ruling on an evidentiary matter is reviewed for an abuse of discretion.
 
 See Hernandez v. State,
 
 31 So.3d 873, 878 (Fla. 4th DCA 2010). We reject the State’s contention that Defendant “opened the door” to this testimony. The concept of “opening the door” permits admission of inadmissible evidence for the purpose of qualifying, explaining or limiting testimony previously admitted.
 
 See Hudson v. State,
 
 992 So.2d 96, 110 (Fla.2008), cert.
 
 denied,
 
 - U.S. -, 129 S.Ct. 1360, 173 L.Ed.2d 621 (2009). This concept is based on considerations of fairness where “redirect examination reveals the ‘whole story of a transaction only partly explained’ in cross examination.”
 
 Love v. State,
 
 971 So.2d 280, 286 (Fla. 4th DCA 2008) (quoting
 
 Bozeman v. State,
 
 698 So.2d 629, 631 (Fla. 4th DCA 1997)).
 

 On cross-examination, Defendant’s question of “[d]o you know who that person is,” referring to the firearm’s owner, and the detective’s answer that he did not, required no further qualification or explanation. Defendant’s limited inquiry did not “open the door” to a statement from the firearm’s owner that accused Defendant of an additional crime. Further, the admission of this evidence was not harmless. An error is harmless only if there is no reasonable possibility that the error complained of contributed to the verdict.
 
 See Ventura v. State,
 
 29 So.3d 1086, 1089 (Fla.2010). Because of its prejudicial nature, “[e]rroneous admission of evidence of collateral crimes is presumed harmful.”
 
 Smith v. State,
 
 743 So.2d 141, 144 (Fla. 4th DCA 1999) (citing
 
 Castro v. State,
 
 547 So.2d 111 (Fla.1989)). We cannot say, beyond a reasonable doubt, that the accusation that Defendant stole the firearm that was later found in the Chevy Caprice did not contribute to the guilty verdict. As such, the conviction and sentence for possession of a firearm by a convicted felon, and carrying a concealed firearm, are reversed.
 

 Reversed.
 

 HAZOURI and DAMOORGIAN, JJ, concur.