PER CURIAM.
 

 Appellant, Isaiah Deangelo Dortch, challenges his convictions for fleeing a law enforcement officer, resisting an officer without violence, driving while license suspended, and leaving the scene of an accident. Dortch contends the trial court erred by denying a motion in limine to exclude evidence that the car he was driving before his arrest had been reported stolen nearly three months earlier. We agree with the appellant and reverse.
 

 
 *906
 
 On October 22, 2009, the State charged Dortch by information with fleeing a law enforcement officer (count I), resisting an officer with violence (count II), driving while license suspended (count III), possession of cannabis (count IV), and two counts of leaving the scene of an accident (counts V and VI). Dortch moved to exclude any mention that the car he had been driving when the alleged events occurred was reported stolen.
 

 The prosecutor informed the court that she intended to call the manager of the rental car agency, the owner of the stolen vehicle, to testify that the car was stolen and to establish the arresting officer’s need to make a felony arrest. Citing inadmissible hearsay and relevance grounds, defense counsel expressed concern that the jury would believe the appellant had been fleeing because he stole the car. Finding evidence that the car was stolen “highly relevant,” the court denied the motion.
 

 As expected, at trial, the manager of a Jacksonville Avis Rent-A-Car testified that a red Chevy Cobalt was stolen from the lot on June 29, 2009. On September 16, 2009, police advised Avis that the car had been recovered. That afternoon, Officer Andres (Jacksonville Sheriffs Office) observed a red Chevrolet Cobalt approaching him on University Boulevard. Officer Andres testified that he made a U-turn to follow the car and ran the vehicle’s license plate number, learning that the vehicle had been stolen.
 

 Officer Andres further testified that he followed the car until it stopped abruptly in the middle of the street. The officer exited his patrol car, drew his service revolver, and told the suspect, Dortch, to turn off the engine. Instead, the appellant sped off and Officer Andres pursued with lights and sirens activated. Officer Andres terminated the chase after only a minute. Almost immediately after the chase ended, Dortch’s vehicle was involved in multiple collisions. Officer Haire and his K-9 assistant tracked the appellant into an open field, where he located the suspect in some tall weeds and bushes. Assisted by another officer, Officer Haire pulled Dortch out of the bushes and tried to handcuff him. The appellant rolled over on his back and began flailing his arms. After Dortch’s apprehension, a subsequent search revealed a plastic bag of marijuana on the floor of the front passenger side.
 

 A jury found the appellant guilty as charged on counts I, III, V, and VI; guilty of the lesser-included offense of resisting an officer without violence on count II; and not guilty on count IV.
 

 “As a general rule, a trial court’s ruling on the admissibility of evidence will not be reversed, absent an abuse of discretion.”
 
 McCray v. State,
 
 919 So.2d 647, 649 (Fla. 1st DCA 2006). “However, a trial court’s discretion over such decisions is limited by the evidence code and the applicable case law, and its interpretation of those authorities is subject to de novo review.”
 
 Hendricks v. State,
 
 34 So.3d 819, 822 (Fla. 1st DCA),
 
 rev. granted,
 
 49 So.3d 746 (Fla.2010). Appellant argues that testimony revealing that his vehicle had been stolen is hearsay and introduces impermissible collateral crime evidence.
 

 Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
 
 See
 
 § 90.801(l)(c), Fla. Stat. (2009). Officer Andres’ testimony that the car the appellant was driving had been stolen is rank hearsay that does not fall within any of the exceptions to the hearsay rule.
 

 Evidence of other crimes may be admissible on the ground that it is inextricably intertwined with the charged offense
 
 *907
 
 and therefore relevant to prove that offense.
 
 See Kates v. State,
 
 41 So.3d 1044, 1045 (Fla. 1st DCA 2010). “Other crime” evidence is inextricably intertwined with the crime charged, and thus admissible, if the evidence is necessary “to (1) adequately describe the deed, (2) provide an intelligent account of the crime(s) charged, (3) establish the entire context out of which the charged crime(s) arose, or (4) adequately describe the events leading up to the charged crime(s).”
 
 Monestime v. State,
 
 41 So.3d 1110, 1112 (Fla. 3d DCA 2010).
 

 Here, the evidence about the car’s being stolen was not necessary to describe the events that took place after the car was stopped and the appellant fled. The jury was called on to determine whether Dortch had resisted the officer with violence, whether he had driven while his license was suspended and whether he had left the scene of an accident, and whether he had possessed marijuana. It mattered not that the car Dortch was driving had been stolen three months earlier. An instruction to the jury that the officer needed to make a felony arrest would have been sufficient to provide the necessary context for the events leading up to the charged crimes.
 

 We reject the State’s argument that evidence that the car was stolen is relevant for the purpose of establishing the context of the initial pursuit of the vehicle. In light of the charges leveled against the appellant — which do not include grand theft auto — we believe this explanation proves little more than a pretext for the admission of evidence of a collateral crime.
 

 We do not find that the justification for Officer Andres’ pursuit was relevant to a material fact in dispute.
 
 See Conley v. State,
 
 620 So.2d 180, 183 (Fla.1993) (holding inadmissible a police dispatch report because the reason why officers arrived at the scene was not a material issue in the case, notwithstanding the State’s argument that the testimony was offered to establish a logical sequence of events);
 
 Tosta v. State,
 
 786 So.2d 21, 22-24 (Fla. 4th DCA 2001) (holding inadmissible an officer’s repeated reference to chasing an unconfirmed stolen vehicle, despite the State’s contention that evidence was offered only to prove “why the officer [took] the action”).
 

 Where the appellant establishes error in the admission of inherently prejudicial evidence, the burden shifts to the State to show that the error was harmless beyond a reasonable doubt.
 
 See Conley,
 
 620 So.2d at 183 (observing that “the inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information to establish the logical sequence of events outweighs the probative value of such evidence”). As discussed, the State did not charge Dortch ■with grand theft auto, making testimony suggesting the appellant’s involvement in such an offense classic collateral crime evidence. “Because of its prejudicial nature, ‘[e]rroneous admission of evidence of collateral crimes is presumed harmful.’ ”
 
 Sinclair v. State,
 
 50 So.3d 1223, 1226 (Fla. 4th DCA 2011) (quoting
 
 Smith v. State,
 
 743 So.2d 141, 144 (Fla. 4th DCA 1999)). We cannot say beyond a reasonable doubt that the implication that Dortch stole the vehicle did not contribute to the guilty verdict.
 
 See Sinclair,
 
 50 So.3d at 1226 (asserting that “[a]n error is harmless only if there is no reasonable possibility that the error complained of contributed to the verdict”). As such, we REVERSE the appellant’s convictions and REMAND with directions for a new trial.
 

 PADOVANO and CLARK, JJ., concur; WOLF, J., dissents without opinion.