VAN NORTWICK, J.
 

 James David Thompson challenges his judgment of conviction for manslaughter, attempted second degree murder, possession of a firearm by a convicted felon and shooting into an occupied dwelling. Because the trial court committed fundamental error in instructing the jury on the crime of attempted manslaughter and erred in admitting evidence of events on August 16, 2008, we reverse and remand for a new trial.
 

 Appellant was charged with the second degree murder by firearm of Steven Weed, the attempted first degree murder by firearm of Lizia Hardy-Batt, possession of a firearm by a convicted felon, and shooting into an occupied dwelling. The events which led to the charges occurred on August 17, 2008, in Bay County. The record reflects that appellant previously had sold drugs to Weed and was visiting Weed’s neighbor when Weed called him over to the residence Weed shared with Hardy-Batt. A disagreement erupted between appellant and Weed, and Weed was shot in the head. Hardy-Batt was shot in the arm and would serve as the prosecution’s chief witness against appellant.
 

 The trial court committed fundamental error when the jury was instructed that the crime of attempted manslaughter, one of the lesser included offenses of attempted first degree murder, required proof of an intent to kill. The trial court utilized the standard instruction with regard to count II relating to Hardy-Batt, but this standard instruction has been held to be erroneous.
 
 Lamb v. State,
 
 18 So.3d 734, 735 (Fla. 1st DCA 2009). In
 
 Lamb,
 
 we held that it is fundamental error to give the standard jury instruction for attempted manslaughter by act because that instruction “adds the additional element that the defendant ‘committed an act intended to cause the death’ of the victim when attempted manslaughter by act requires only an intentional unlawful act.”
 
 Id.; see also Minnich v. State,
 
 — So.3d —, 2011 WL 265765 (Fla. 1st DCA 2011);
 
 Rushing v. State,
 
 — So.3d—, 2010 WL 2471903 (Fla. 1st DCA 2010);
 
 but see Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 rev. pending,
 
 64 So.3d 1262 (Fla.2011). Accordingly, on this ground, a new trial is required.
 

 The trial court also erred in admitting evidence regarding events which occurred on Saturday, August 16, and during the early morning hours of August 17, 2008; activities which occurred prior to the shooting of Weed and Hardy-Batt. Prior to trial, the State advised by a second amended notice its intent to introduce “similar fact” evidence pursuant to section 90.404(2), Florida Statutes. More particularly, the State advised of its intent to introduce evidence that on the night of August 16th, appellant kidnapped Anthony Hubbard after Hubbard paid appellant with counterfeit money for drugs. The State also sought to introduce evidence of that drug sale as well as evidence that appellant pointed a gun at Hubbard. In its motion, the State claimed that the so-
 
 *1053
 
 called similar fact evidence, also known as Williams
 
 [1]
 
 rule evidence, was proper because background information detailing events before the commission of a charged crime is relevant to give the complete story of a crime; the State added that the evidence regarding the drug sale and kidnapping of Hubbard was inseparably linked in time and circumstance to the scenario of the charged crimes.
 

 Evidence of other crimes which are inseparable from the crime charged or evidence which is inextricably intertwined with the crime charged, however, is not
 
 Williams
 
 rule evidence.
 
 Griffin v. State,
 
 639 So.2d 966, 968 (Fla.1994);
 
 see Floyd v. State,
 
 18 So.3d 432 (Fla.2009).
 
 Williams
 
 rule evidence is evidence of other conduct, which, pursuant to section 90.404(2)(a), Florida Statutes, is similar to the charged offense and is relevant to prove a material fact in issue, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Similar fact evidence of other crimes, wrongs or acts (i.e.,
 
 Williams
 
 rule evidence) is inadmissible when the evidence is relevant solely to prove bad character or a defendant’s propensity to commit a crime. § 90.404(2)(a). Appellant’s participation in a drug transaction and then kidnapping was not “[sjimilar fact evidence” for purposes of section 90.404(2)(a), Florida Statutes, and thus should not have been admitted as such.
 
 See Bryan v. State,
 
 533 So.2d 744, 746 (Fla.1988) (“The requirement that similar fact crimes contain similar facts to the charged crime is based on the requirement to show relevancy.”).
 

 Evidence of bad acts which are inextricably intertwined with the crime charged may be admissible under section 90.402, because such evidence is relevant and constitutes an inseparable part of the act which is at issue.
 
 Griffin,
 
 639 So.2d at 968. “Where it is impossible to give a complete or intelligent account of the criminal episode without reference to other uncharged crimes or bad conduct, such evidence may be used to cast light on the primary crime or elements of the crime at issue.”
 
 Wright v. State,
 
 19 So.3d 277, 292 (Fla.2009). Moreover, evidence of an inseparable crime is admissible “if the evidence is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).”
 
 Ballard v. State,
 
 66 So.3d 912, 918 (Fla.2011) (citing
 
 Dorsett v. State,
 
 944 So.2d 1207 (Fla. 3d DCA 2006)). Like all evidence, evidence of matters inextricably intertwined with the charged offense is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat.;
 
 LaMarca v. State,
 
 785 So.2d 1209, 1212-13 (Fla.2001).
 

 None of the
 
 Ballard
 
 factors were met in the case before us. The kidnapping of Hubbard was not relevant to the shooting of Weed and Hardy-Batt. Indeed, as Hubbard’s lengthy direct examination by the State indicated, Hubbard had no knowledge of Weed and Weed had nothing to do with the counterfeit purchase. Further, even if the drug transaction with Hubbard the night before the shooting was relevant, the evidence of the drug transaction utilizing counterfeit money was so extensive, it improperly became a feature of the trial. As the Florida Supreme Court explained in
 
 Wright v. State,
 
 19 So.3d at
 
 *1054
 
 293, “[e]ven when inextricably intertwined, such evidence cannot become a feature of the trial.” The opinion of the Second District in
 
 Thomas v. State,
 
 959 So.2d 427, 430 (Fla. 2d DCA 2007), is apropos:
 

 even if it could be concluded that the events of [August 16] were more than minimally relevant, there was no justification for the volume of detailed evidence that was tendered to prove them. The State proceeded almost as if it had been successful in its attempt to consolidate the various charges against [appellant] for trial. As such, the collateral crime evidence improperly emphasized the events of [the evening of August 16] to the point that they became a feature of [appellant’s] trial.
 

 Because a new trial is required by virtue of the erroneous jury instruction and the improper use of evidence of other bad acts, we do not reach the third issue raised on appeal regarding the alleged discovery violation.
 

 REVERSED AND REMANDED.
 

 PADOVANO and HAWKES, JJ„ concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654, 662 (Fla.),
 
 cert. denied,
 
 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).