WOLF, J.
 

 Robert Rosado challenges his conviction for armed robbery. The issue is whether the trial court impermissibly allowed evidence of a totally unrelated home invasion robbery with little to no probative value to become a feature of the trial. We find harmful error and reverse.
 

 At trial, the State was allowed to introduce evidence of a dissimilar home invasion robbery without first filing a notice of intent to introduce collateral crime evidence. During direct examination, appellant stated he was involved in a previous “incident.” The State argued this “incident” was a home invasion, and appellant’s testimony opened the door to evidence concerning the invasion. The court agreed and permitted the State to ask appellant specifics about the collateral crime, and to impeach appellant with his alleged confession to the collateral crime. The State further highlighted the unrelated collateral crime by calling an officer in rebuttal to testify that appellant had, in fact, confessed to the crime.
 

 These actions by the State and the trial court require reversal for three reasons. First, the State may not rely on the law of impeachment to introduce impermissible prior crime evidence.
 
 See Robertson v. State,
 
 829 So.2d 901, 913 (Fla.2002). Second, the trial court compounded the error by allowing the State to present extrinsic evidence of a collateral matter.
 
 See, e.g., Wilson v. State,
 
 72 So.3d 331, 334 (Fla. 4th DCA 2011) (stating that “‘if a party cross-examines a witness concerning a collateral matter, the cross-examiner must ‘take’ the answer, is bound by it, and may not subsequently impeach the witness by introducing extrinsic evidence to contradict the witness on that point’ ” unless the collateral extrinsic evidence sought to be introduced concerns matters testified to by the witness on direct examination) (quoting
 
 Correia v. State,
 
 654 So.2d 952, 955 (Fla. 4th DCA 1995)). Third, the manner in which the evidence was highlighted, combined with the fact that the evidence was argued in both the opening statement and the closing argument, rendered the evidence a feature of the trial. The State’s use of the evidence “ ‘transcended] the bounds of relevancy to the charge being tried’ and the prosecution ‘devolve[d] from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant.’ ”
 
 Peterson v. State,
 
 2 So.3d 146, 155 (Fla.2009) (quoting
 
 Conde v. State,
 
 860 So.2d 930, 945 (Fla.2003)). We have recently reemphasized that collateral crime evidence must not become a feature of the trial.
 
 See Thompson v. State,
 
 76 So.3d 1050 (Fla. 1st DCA 2011).
 

 In addition, if an appellant establishes error in the admission of inherently
 
 *933
 
 prejudicial evidence, the burden shifts to the State to show that the error was harmless beyond a reasonable doubt.
 
 See Dortch v. State,
 
 63 So.3d 904, 907 (Fla. 1st DCA 2011). As noted above, “[b]ecause of its prejudicial nature, ‘[ejrroneous admission of evidence of collateral crimes is presumed harmful.’ ”
 
 Sinclair v. State,
 
 50 So.3d 1223, 1226 (Fla. 4th DCA 2011) (quoting
 
 Smith v. State,
 
 743 So.2d 141, 144 (Fla. 4th DCA 1999)). The State has failed to meet its burden.
 

 We, therefore, REVERSE and REMAND for a new trial.
 

 CLARK and WETHERELL, JJ., concur.