THOMAS, J.
Appellant appeals his convictions for one count of principal attempted first degree premeditated murder, five counts of principal attempted second degree premeditated murder, one count of attempted making, possessing, or throwing a bomb, and one count of principal first degree arson of a dwelling. He also appeals his life sentence on his first degree felony convictions. Appellant raises four issues on appeal, only one of which merits discussion. For the reasons below, we reverse the conviction of five counts of attempted principal second degree premeditated murder. We affirm *1122 without further comment as to all other issues.
The trial court, without objection, gave the jury the following instruction as to attempted voluntary manslaughter:
To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt. [Defendant] committed an act or procured the commission of an act which was intended to cause the death of [victim] and would have resulted in the death of [victim] except that someone prevented [defendant] from killing [victim] or he failed to do so. However, the defendant cannot be guilty of attempted voluntary manslaughter if the attempted killing was either excusable or justifiable, as those terms have been previously explained to you.
This court has held that this instruction is erroneous and giving it constitutes fundamental error, a conclusion -with which the Florida Supreme Court has agreed in State v. Montgomery, 89 So.3d 252, 258 (Fla.2010). See also, Montgomery v. State, 70 So.3d 603, 607-08 (Fla. 1st DCA 2009); Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009); Thompson v. State, 76 So.3d 1050 (Fla. 1st DCA 2011).
Accordingly, we affirm Appellant’s judgment and sentence for principal attempted first degree premeditated murder, attempted making, possessing, or throwing a bomb, and principal first degree arson of a dwelling. We reverse Appellant’s convictions for five counts of principal attempted second degree premeditated murder and remand for a new trial as to these counts.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF and MARSTILLER, JJ., concur.