BILBREY, J.
Jesse Ray McCuin, the Appellant, challenges his dual convictions for burglary of a conveyance argüing the trial court erred in denying his pretrial motion to exclude any reference to Appellant’s possession of someone else’s wallet at the time' of his arrest. We reverse and remand for a new trial.
As noted, Appellant was charged with two counts of burglary of a conveyance.[1] These charges followed the break-in of two automobiles, one of which sustained damage to its steering column. A tire iron belonging to the owner of one of the burgled vehicles was found in the other. At the time of his arrest, Appellant was found to have the registration of one of the vehicles on "his person, and another man’s wallet. The owner of the wallet was not the owner of either of the burgled vehicles. Appellant was not charged with any offense for his possession of this wallet.
Prior to trial, Appellant moved to preclude any reference- to Appellant’s possession of the wallet arguing such evidence would impermissibly suggest bad character or a criminal propensity. See § 90.404(2)(a), Fla. Stat. The State opposed the motion arguing the wallet was inextricably intertwined with the evidence of the burglaries. The trial court denied the motion.
Evidence regarding Appellant’s possession of the wallet was not inextricably intertwined with the. evidence of the burglaries pursuant to the four-part test set forth in Dortch v. State, 63 So.3d 904, 907 (Fla. 1st DCA 2011), and Kates v. State, 41 So.3d 1044, 1045-46 (Fla. 1st DCA 2010); see also Monestime v. State, 41 So.3d 1110, 1112 (Fla. 3d DCA 2010). As noted, the *1068 State did not charge Appellant with any offense related to the wallet, and thus the evidence and the pi'oseeutor’s comments about the wallet constituted “classic collateral crime evidence.” Dortch, 63 So.3d at 907. “Because of its prejudicial nature, ‘[ejrroneous admission of evidence of collateral crimes is presumed harmful’ ” Rosado v. State, 79 So.3d 931, 933 (Fla. 1st DCA 2012) (quoting Sinclair v. State, 50 So.3d 1223, 1226 (Fla. 4th DCA 2011)).
The error cannot be deemed harmless. Under the harmless error test, the State bears the burden of establishing “beyond a reasonable doubt that the error did not contribute to the outcome.” Johnson v. State, 53 So .3d 1003, 1007 (Fla.2010) (citing State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)). This standard has also been described as requiring the record to establish beyond a reasonable doubt that the jury would have reached the same verdict absent the error. Galindez v. State, 955 So.2d 517, 523 (Fla.2007); DiGuilio, 491 So.2d at 1138. As the Florida Supreme Court made clear in DiGuilio, the harmless error test is not “a sufficien cy-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test.” 491 So.2d at 1139. The State has not met its burden to show harmless error here.
As we cannot say beyond a reasonable doubt that the not unsubtie implication that Appellant committed the additional offense of stealing another’s wallet did not contribute to the verdict of guilt as to the bui’glary charges, we must reverse. See Robertson v. State, 829 So.2d 901, 913-14 (Fla.2002) (explaining that the erroneous admission of irrelevant collateral crimes evidence is presumed harmful error because of the danger that the jury will take the bad character or propensity to crime suggested as evidence of guilt of the crime charged). Accordingly, Appellant’s convictions are REVERSED, and the cause is REMANDED with directions for a new trial.
KELSEY and M.K. THOMAS, JJ., concur.

. Appellant was also charged with criminal mischief; he was eventually acquitted of this offense.