# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2276
_____

RICHARD ANDREW BARRY, III,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Phillip A. Pena, Judge.

February 28, 2019

B.L. THOMAS, C.J.

Appellant challenges his convictions for two counts of solicitation to commit first degree murder. He argues that the trial court erred in consolidating his two cases, and in admitting evidence of collateral crimes.

*Consolidation of Separate Informations*

The trial court granted the State's motion to consolidate Appellant's two solicitation cases, which were charged by separate informations. At the consolidated trial, two inmates of Alachua County Jail testified that Appellant approached each of them and asked them to arrange the murder of three witnesses who were to testify against Appellant at his upcoming trial for lewd and lascivious molestation. Appellant's former girlfriend testified that Appellant sexually abused her daughter, whom Appellant helped

raise. The detective who investigated the child sex abuse testified about his investigation and Appellant's arrest.

A trial court's order consolidating charges is reviewed for abuse of discretion. *Fletcher v. State*, 168 So. 3d 186, 202 (Fla. 2015). To consolidate separate cases for trial, the offenses must have a "meaningful relationship," meaning the crimes "'must be linked in some significant way.'" *Lindsey v. State*, 220 So. 3d 1255, 1257 (Fla. 1st DCA 2017) (quoting *Lugo v. State*, 845 So. 2d 74, 93 (Fla. 2003)). Appellant argues that because there was no uninterrupted sequence or crime spree, his solicitation cases had no meaningful relationship. Florida courts have affirmed consolidation on the basis of an uninterrupted or causal sequence establishing a meaningful relationship. *E.g., Fotopoulos v. State*, 608 So. 2d 784, 786 (Fla. 1992) (where the defendant filmed his accomplice killing a man, and then used the video as leverage to ensure the accomplice's cooperation with the second offense). But Florida courts have not held that such a sequence is the only basis for a meaningful relationship.

Although the two inmates here were approached separately by Appellant, both were solicited at the Alachua County Jail while Appellant was awaiting trial. Both were asked to arrange the murder of the three witnesses against Appellant. The meaningful relationship between these two crimes is that they were both part of a single concerted effort to "silence" the three people who could send Appellant to prison for child sex crimes. In addition, one inmate testified that although Appellant tried on multiple occasions to persuade him to kill the intended victims, the inmate never agreed to participate and never accepted Appellant's offers of compensation. The evidence that the solicitation of this inmate was unsuccessful provided an explanation and motive for Appellant to approach the second inmate, showing an episodic connection. *See Livingston v. State*, 565 So. 2d 1288, 1290 (Fla. 1988) (finding no error in the consolidation of two cases "connected in an episodic sense"). Thus, the two offenses were significantly linked, and the trial court did not abuse its discretion by consolidating the two cases.

2

*Collateral Crime Evidence*

A trial court's ruling on the admissibility of collateral-crime evidence is reviewed for abuse of discretion. *Wright v. State*, 19 So. 3d 277, 291 (Fla. 2009). Evidence of collateral crimes can be admitted where the evidence is "inextricably intertwined" with the charged offense. *Kates v. State*, 41 So. 3d 1044, 1045 (Fla. 1st DCA 2010). Such evidence is admissible if it is needed to: "(1) adequately describe the charged act, (2) provide an intelligent account of the crime charged, (3) establish the entire context out of which the charged crime arose, or (4) adequately describe the events leading up to the charged crime." *Id.* at 1045-46. Inextricably intertwined evidence is not considered *Williams*[1] rule evidence. *Wright*, 19 So. 3d at 292.

In *LaMarca v. State*, evidence that the defendant had raped his daughter and his step-daughter was relevant to prove the charged murder of the defendant's son-in-law. 785 So. 2d 1209, 1213 (Fla. 2001). The evidence of the step-daughter's rape established premeditation and motive, as the son-in-law had confronted the defendant about the rape just hours before the murder. *Id.* The other rape was relevant to explain that the defendant's comments to his daughter – that she should leave the state with him and that her feelings for the victim would fade in time – were motivated by more than fatherly concern. *Id.*

Here, evidence that Appellant molested his girlfriend's daughter was relevant to establish that he had a motive to solicit someone to kill the child and other witnesses who could testify against him regarding the molestation, including the child victim's brother. Without this evidence, the jury could not understand why Appellant would hire someone to kill children he helped raise.[2]

As the evidence of the child molestation was inextricably intertwined with the charged solicitation offenses, the issue is

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

[2] The inmate testified that Appellant "said he'd rather go to prison for murder than the sex charges that he had. Because he knew how bad inmates frown upon that."

whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, misleading the jury, or needless presentation of cumulative evidence, such as to constitute an abuse of discretion. *See* § 90.403, Fla. Stat. (2017); *Wright*, 19 So. 3d at 292 (holding that even inextricably intertwined evidence is subject to the balancing test of section 90.403, Florida Statutes); *McLean v. State*, 934 So. 2d 1248, 1259 (Fla. 2006) ("trial courts are gatekeepers in ensuring that evidence of prior acts of child molestation is not so prejudicial that the defendant is convicted based on the prior sexual misconduct.").

In *Ballard v. State*, 66 So. 3d 912, 917 (Fla. 2011), the supreme court held that evidence of the defendant's sexual relationship with the murder victim's minor daughter, including testimony from multiple witnesses and physical evidence of the sexual relationship, was admissible to establish a motive to murder. *Id.* at 918. The supreme court held that the evidence "was not wholly inflammatory without any relevance to the case[,]" because "there was no reasonable way for the State to have excluded the testimony while accurately describing the chain of events that led to [the victim]'s disappearance." *Id.*

The collateral crime here was inextricably intertwined with the charged offenses, and the probative value of the collateral-crime evidence was not substantially outweighed by the danger of unfair prejudice. *See Razz v. State*, 231 So. 3d 479, 482 (Fla. 4th DCA 2017) (explaining why each piece of collateral-crime evidence was necessary and not cumulative to other evidence). The child victim's mother testified about her daughter's sexual abuse and the aftermath of that abuse; this evidence uniquely suggested that the intended murder victims were in fact planning to testify against Appellant, supporting the theory of motive. Likewise, the detective's testimony about the sex abuse investigation, the recovery of physical evidence of the sex crime, and Appellant's arrest and charges, tended to prove that Appellant was aware he was in serious legal jeopardy. Thus, as the collateral-crime evidence was not cumulative or wholly inflammatory, and was necessary for the jury to rationally consider the charged offenses, it was not an abuse of discretion for the trial court to conclude that this evidence never reached the point of inadmissibility under section 90.403. *See Ballard*, 66 So. 3d at 918.

AFFIRMED.

BILBREY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.