# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LISANDRA SOTO GUTIERREZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0106

[July 17, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 16004372CF10A.

Robert David Malove of the Law Office of Robert David Malove, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Appellant Lisandra Soto Gutierrez appeals her convictions and sentences for first degree grand theft (count 1) and second degree grand theft (count 2) following a jury trial. As part of its case, the State presented evidence of appellant's alleged fraudulent actions during her bankruptcy case. Appellant argues the admission of this evidence was error because any fraudulent actions purportedly committed during the bankruptcy proceedings were not relevant, as such actions were not similar to the theft offenses at issue. We agree and reverse for a new trial.

During trial, the State called the Chapter 7 bankruptcy trustee assigned to appellant's bankruptcy case in the summer of 2016. At some point, appellant and the trustee had a meeting which was recorded. In that recorded meeting, the trustee confronted appellant for failing to indicate in her bankruptcy documents that she had transferred ownership of her house to an entity in which she had an ownership interest. Appellant explained that she had transferred ownership of her house to avoid liens from creditors. Defense counsel objected to the admission of the recording at trial, stating that the acts described in the recording were

dissimilar from appellant's alleged grand theft offenses. However, the trial court admitted the recording over defense counsel's objections.

We review a trial court's decision to admit collateral crime evidence, also known as *Williams* rule[1] evidence, for an abuse of discretion. *Stav v. State*, 860 So. 2d 478, 480 (Fla. 4th DCA 2003) (citing *Geldreich v. State*, 763 So. 2d 1114, 1116 (Fla. 4th DCA 1999)). "*Williams* rule evidence is evidence of other conduct, which, pursuant to section 90.404(2)(a), Florida Statutes, is similar to the charged offense and is relevant to prove a material fact in issue, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Thompson v. State*, 76 So. 3d 1050, 1053 (Fla. 1st DCA 2011). *Williams* rule evidence is "inadmissible when the evidence is relevant solely to prove bad character or a defendant's propensity to commit a crime." *Id.* (citing § 90.404(2)(a), Fla. Stat.).

Collateral crime evidence, even if dissimilar to the crime charged, may be admitted if it is both relevant and probative of a material fact in issue. *See Jones v. State*, 296 So. 3d 447, 451 (Fla. 4th DCA 2020). Similarity of offenses is only a requirement to admit collateral crime evidence if the similarity between the collateral crime and the charged offense is what gives the evidence probative value. *See id.* at 450–51.

Evidence of a collateral crime is inherently prejudicial "because it creates the risk that a conviction will be based on the defendant's bad character or propensity to commit crimes, rather than on proof [the defendant] committed the charged offense." *Fesh v. State*, 328 So. 3d 359, 362 (Fla. 2d DCA 2021) (quoting *Jones v. State*, 944 So. 2d 533, 536 (Fla. 5th DCA 2006)). As a result, the improper admission of *Williams* rule evidence is presumed to be harmful error, especially when the State relies on the improper evidence in its closing argument. *See id.* at 363; *Pastor v. State*, 792 So. 2d 627, 630 (Fla. 4th DCA 2001).

To prove grand theft, the State must establish that the defendant knowingly obtained or used, or endeavored to obtain or use, the property of another with intent to deprive that person of a right to the property or benefit therefrom. *See Tinker v. State*, 341 So. 3d 1136, 1145 (Fla. 4th DCA 2022) (quoting *Pizzo v. State*, 945 So. 2d 1203, 1207 (Fla. 2006)). The defendant must have had the specific intent to commit theft at the time of, or prior to, the taking. *See Segal v. State*, 98 So. 3d 739, 742 (Fla. 4th DCA 2012).

---

[1] *See Williams v. State*, 110 So. 2d 654 (Fla. 1959).

The State argues the evidence of appellant's alleged fraudulent actions in the bankruptcy case was relevant and admissible to establish her intent, knowledge, and absence of mistake or accident in committing the theft offenses charged. Specifically, the State asserts that appellant's shielding of her own property to avoid creditors' liens in the bankruptcy case is similar to her alleged act of knowingly depriving the alleged victims of money or property in the underlying case. Alternatively, the State argues appellant's statements under oath to the bankruptcy trustee were admissible as a party admission under section 90.803(18)(a), Florida Statutes (2022).

We disagree. Appellant's alleged fraud in the bankruptcy proceedings appears more akin to a fraudulent transfer rather than the theft offenses charged by the State. *See* § 726.105(1)(a), Fla. Stat. (2015). A debtor commits a fraudulent transfer if the debtor transfers property "with actual intent to hinder, delay, or defraud any creditor of the debtor." *Id.* Such transfers are distinct from theft because a fraudulent transfer involves a defendant transferring her own property to avoid having to pay a creditor. *Id.* In contrast, theft involves a taking of property belonging to another. *See* § 812.014(1)(a), Fla. Stat. (2015).

Appellant's sworn statement to the bankruptcy trustee was also not admissible as a party admission. Section 90.803(18)(a), Florida Statutes (2022), provides that a party's admission may be admitted for the truth of the matter asserted if it is offered against a party, and it is the party's own statement in either an individual or representative capacity. However, to be admissible, the admission must also be relevant by "tending to prove or disprove a material fact." *Ring Power Corp. v. Condado-Perez*, 219 So. 3d 1028, 1033 (Fla. 2d DCA 2017) (quoting § 90.401, Fla. Stat.). As explained, appellant's statements were not relevant to any issue in this case.

The State offers no argument regarding whether the admission of this evidence constituted harmless error. As we have said, the improper admission of collateral crime evidence is presumed to be harmful. *See Fesh*, 328 So. 3d at 363. This is especially true not only where, as in this case, the State relied on appellant's statement in its closing argument, but also because the jury requested to hear the recording of the interview with the bankruptcy trustee again during deliberations. This tends to establish the reasonable possibility that the jury not only considered the improper *Williams* rule evidence, but also may have relied on such improper evidence in determining appellant's guilt. Thus, the improper admission of evidence regarding the bankruptcy fraud could not have been harmless beyond a reasonable doubt. *See State v. DiGuilio*, 491 So. 2d 1129, 1135

3

(Fla. 1986) (stating that the burden is on the State, as the beneficiary of an error, to prove beyond a reasonable doubt that the error did not contribute to the verdict).

In sum, appellant's alleged fraud in the bankruptcy case does not tend to prove or disprove that she knowingly obtained or used, or endeavored to obtain or use, the property of another with the intent to deprive them of a right to the property or a benefit of the property. Therefore, such evidence was not probative as to any material issue in this case. Accordingly, we reverse and remand for a new trial on counts 1 and 2.

*Reversed and remanded.*

GROSS and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**